

January 2, 2024

**VIA ECF**
The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street,
White Plains, NY 10601

> Defendant is directed to file a letter in response to Plaintiff's January 2, 2024 letter requesting a pre-motion conference (Doc. 10) by January 17, 2024.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
> January 9, 2024

Re: *Soudani v. Soudani*, Case No. 23-cv-9905-PMH

Dear Judge Halpern:

Pursuant to Rule 2.C of the Court's Individual Practices in Civil Cases ("Individual Rules"), Plaintiff respectfully requests a pre-motion conference in advance of filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff sent the required pre-motion letter to Defendant pursuant to Individual Rule 4.C on December 21, 2023. Defendant did not respond and his time to do so has passed. *See* Individual Rule 4.C. Plaintiff anticipates moving to dismiss each of the counterclaims asserted in the Answer, as set forth herein.

As an initial matter, Defendant's counsel contacted Plaintiff's counsel on December 20, 2023 to note that his answer and counterclaims did not include a prayer for relief or a jury trial demand, and to inquire if Plaintiff would object to amendment of his answer and counterclaims to that effect. Plaintiff does not object to such amendments.

However, as noted in Plaintiff's December 21, 2023 letter, none of Defendant's four counterclaims state a claim under the pleading requirements necessary to survive dismissal as established by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. v. Twombly*, 550 U.S. 544 (2007). The allegations must meet a "plausibility standard" and require "more than a sheer possibility that a defendant acted unlawfully." *Plant Health Intermediate, Inc., v. Campbell*, No.



19-cv-03017 (PMH), 2022 WL 347585 at *1 (S.D.N.Y. Feb. 4, 2022). In other words, as required by *Twombly*, the allegations "must be enough to raise a right to relief above the speculative level." *Id*.

The Federal Rules of Civil Procedure govern this Court's analysis for evaluating whether a state tort claim has been sufficiently pleaded. Under Rule 8(a)(2), the claim must have facial plausibility – the factual contentions, if true, must permit the Court to draw the reasonable inference that the other party is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Only "well-pleaded" allegations should be considered in terms of veracity. *See Iqbal*, 556 U.S. at 679-681 (citing *Twombly*). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Iqbal*, 556 U.S. at 678. Thus, while the Court must accept well-pleaded facts, and their reasonable inferences as true, *Campbell*, 2022 WL 347585 at *1, *citing Leeds* v. *Meltz*, 85 F.3d 51, 53 (2d Cir. 1996), the "presumption of truth . . . 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" *id*, *citing Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In short, one pleading a claim must provide "more than labels and conclusions" to show entitlement to relief. *Id., citing Twombly*, 550 U.S. at 555.

Defendant's first counterclaim alleges that Plaintiff, sometime over a three-month period, accessed safes "in his home" without his permission or authority and took certain U.S. currency, again without his permission. He does not allege that the money belonged to him, or even that money was taken from one of the safes. An allegation that some sum of currency was taken from one of multiple locations at an undefined time fails to identify a converted chattel. Consequently,



the first counterclaim must be dismissed because Defendant fails to 1) assert an ownership interest in the currency allegedly taken, 2) identify a specific, identifiable chattel that was converted, and 3) allege that he made a demand for the property's return. *See Traffix, Inc. v. Herold*, 269 F. Supp. 2d 223, 228 (S.D.N.Y. 2003) (dismissing conversion claim for failure to show "ownership, possession, or control of the money"); *Heckl v. Walsh,* 122 A.D.3d 1252, 1254–55 (4th Dep't 2014) (dismissing conversion claim upon finding that the sums allegedly converted "do not constitute the type of specific, identifiable funds that would support a conversion cause of action"); *see also Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 522, 534 (S.D.N.Y. 2013).

Defendant's second counterclaim, for unjust enrichment, must be dismissed for similar reasons. Distilled, Defendant does not allege that he owned the allegedly stolen property or even that specific identifiable funds were taken from a particular location at a time certain. He thus cannot be heard to claim that Plaintiff was somehow unjustly enriched.

Defendant's second counterclaim must also be dismissed because it is duplicative of the first counterclaim, i.e., it is based on the "very same facts and theory of wrongful conduct and seeks the same relief." *Pirri v. Cheek*, No. 19-cv-180 (PAE), 2019 WL 2472438, at *5 (S.D.N.Y. June 13, 2019); *see also Steinberg v. Sherman*, No. 07-cv-1001 (WHP), 2008 WL 1968297, at *5 (S.D.N.Y. May 2, 2008) (dismissing unjust enrichment claim as duplicative of conversion claim where the claims sought the same relief). A claim for unjust enrichment is "available only in unusual situations when, though the defendant has not breached a contract nor committed a recognizable tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).



Soudani v. Soudani
January 2, 2024
Page 4

Defendant's third counterclaim, for aiding and abetting her son's alleged theft of "currency" from Defendant, must be dismissed because it fails to identify what currency was taken from where, i.e., he fails to identify a specific identifiable converted chattel, and thus does not allege the existence of a conversion by the primary tortfeasor.

In addition, the third counterclaim must be dismissed because it does not allege an act of conversion of identifiable currency within the applicable three-year statute of limitations. "The statute of limitations runs separately from each separate act of conversion; a series of conversions against the same person or entity is not considered a single transaction for such purpose." *Torrance Const., Inc. v. Jaques*, 127 AD3d 1261, 1265 (3d Dep't 2015). To the extent Defendant seeks damages for acts of conversion that occurred more than three years ago, such claims are barred by the statute of limitations. The third counterclaim fails to state specifically when the alleged aiding and abetting occurred, much less how it occurred, and the "continuing tort" theory does not apply to a conversion claim. *King v. Fox*, 28 Fed. App'x 95, 98 (2d Cir. 2002).

Nor does the third counterclaim allege with any specificity that Plaintiff had actual knowledge of identifiable funds allegedly converted by her son or identify other than in conclusory language how Plaintiff rendered substantial assistance to her son's alleged conversion of an identifiable sum of currency. The addition of the terms "fraud, embezzlement and money laundering" are conclusory and do nothing to notice Plaintiff how she supposedly aided a conversion, or to satisfy the requirement that Defendant plead that Plaintiff had actual knowledge of any such acts.

Likewise, Defendant's fourth counterclaim must be dismissed. Having failed to allege conversion for all the above-described reasons, Defendant's claim that Plaintiff was unjustly enriched as a result of her son's alleged conversion of currency cannot stand. Further, Defendant's fourth counterclaim must be dismissed because it is duplicative of the third counterclaim, for the same reasons described above. It is based on the same facts and theory of wrongful conduct as the third counterclaim and seeks the same relief.

Defendant's fourth counterclaim must also be dismissed because it is barred by the statute of limitations. A claim for unjust enrichment accrues "upon the occurrence of the wrongful act giving rise to a duty of restitution." *Sang Lan v. Time Warner, Inc.*, No. 11-cv-2870(AT), 2014 WL 764250 at *5 (S.D.N.Y. Feb. 25, 2014); *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013) (quotations omitted). As alleged, the fourth counterclaim is defective because it appears to cover, without stating what was converted when, a period that is far longer than three years.

Thank you for the Court's kind consideration.

Sincerely,

Arthur D. Middlemiss
10 Grand Central, 25th Floor
New York, NY 10017
(212) 826-7001
*Attorney for Plaintiff*