**HODGES WALSH & BURKE, LLP**
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601
___
(914) 385-6000
FAX (914) 385-6060
www.hwb-lawfirm.com

Michael K. Burke, Esq.
Direct E-Mail: mburke@hwb-lawfirm.com

February 19, 2024

Honorable Philip Halpern                    BY ECF
United States District Court Judge
United States District Court
300 Quaroppas St.
White Plains, New York 10601

Re:   *Soudani v. Soudani* 23-cv-9905 (PMH)

Dear Judge Halpern:

    Our firm represents the Defendant, Mout'z Soudani, in the above referenced matter. We write to address deficiencies in the plaintiff's pleadings and seek approval to make a motion for dismiss.

    On February 13, 2024, defendant's counsel sent a letter to plaintiff's counsel challenging plaintiff's claimed subject matter jurisdiction based on diversity of citizenship among other deficiencies. In accordance with the Court's Notice of Initial Conference, Plaintiff's counsel filed a letter on February 13, 2024, with the Court setting for its alleged basis for diversity jurisdiction. (Document 14). This letter merely points to one paragraph of the one hundred and seventy-one paragraphs of the complaint (¶17) to attempt to support claimed diversity. However, defendant does not believe plaintiff was ever domiciled in Colorado prior to filing the complaint even though she may have been residing there. If the Court lacks subject matter jurisdiction, the Court must dismiss the action pursuant Fed. R. Civ. P. 12(h)(3). On February 19, 2024 plaintiff's counsel responded to defendant's letter requesting a more definitive statement about subject matter jurisdiction and statute of limitations stating that defendant's request is untimely under the court's individual and federal rules.

Since the issue of subject matter jurisdiction is not waivable and generally can be raised anytime during the litigation and at the initial conference tomorrow the Court will be considering the issue of subject matter jurisdiction as well as other matters related to case management, the defendant respectfully requests the Court consider the following in allowing defendant to move to dismiss:

First, the defendant is challenging the plaintiff's claim of diversity jurisdiction. Since arriving in the United States, the plaintiff resided for decades in the State of New York. She now claims to be a resident and domiciled in Colorado. However, the pleadings fail to set forth sufficient factual support to establish by clear and convincing evidence that the plaintiff moved her residency from New York to Colorado and was domiciled in the year prior to filing this action. Moreover, the plaintiff and her son fled to Colorado after it was revealed that plaintiff's son defrauded the defendant of approximately 1.6 million dollars. Before fleeing New York, plaintiff also unlawfully and without permission or authority stole over $500,000 cash from defendant's safe.

If the plaintiff continues to rely upon a change in domicile to invoke diversity jurisdiction, we request as we did in our February 13th letter, a more definitive statement establishing the change in domicile. See *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *Shcherbakovskiy v. Seitz*, No. 03-CV-1220 (RPP), 2010 WL 1063566, at *3 (S.D.N.Y. Mar. 23, 2010)(an affidavit from the plaintiff is insufficient).

Determining an individual's domicile requires consideration of several factors, including but not limited to the individual's "current residence [lease or deed], [utility bill],voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of [state and federal] taxes." *Bank of India v. Subramanian*, No. 06-CV-2026 (WHP), 2007 WL 1424668, at *3 (S.D.N.Y. May 15, 2007). "No single factor is determinative, and courts must consider the totality of the evidence." *Halbritter*, 2008 WL 926583, at *3. In addition to the above factors, pursuant to Colorado law, other factors will include the registration of all pets – such as the family dog she has in her possession and proof of permanent employment.

Second, the plaintiff alleges that she sustained an injury as young as 17 years old, however, the basis for the instant Complaint is the Adult Survivors Act ("ASA"). Since an injury at that age does not qualify we requested plaintiff provide the basis for including the year that she was 17 and first arrived in the United States and accepted housing with Mr. Soudani in consideration for working in his businesses in the "relevant period" set forth in the Complaint.

Third, the Plaintiff has set forth a separate claim for "money had and received," however, this claim is identical to a claim of unjust enrichment. As such, we requested that plaintiff withdraw this duplicative claim. See *Maxus Leasing Grp., Inc. v. Kobelco Am., Inc.,* No. 04–CV–518 (FJS) (DEP), 2007 WL 655779, at *5, n. 15 (N.D.N.Y. Feb. 26, 2007) (citing *In re Estate of Witbeck,* 245 A.D.2d 848, 850 (N.Y.App.Div.1997)) ("The causes of action for unjust enrichment and money had and received are identical."); *see also J.C. Penney Corp. v. Carousel Ctr. Co., L.P.,*

635 F.Supp.2d 126, 129 n. 1 (N.D.N.Y.2008) ("claims for unjust enrichment and money had and received are identical"); *Belda v. Doerfler*, No. 14-CV-941 AJN, 2015 WL 5737320, at *4 (n. 4) (S.D.N.Y. Sept. 30, 2015).

Fourth, as regards the plaintiff's conversion and unjust enrichment claims defendant requested that plaintiff provide a more definite statement as to which conduct of Mr. Soudani, and on which dates, the claim relates.

Fifth, the Plaintiff has alleged a litany of claims from 1977 until 2017. To the extent any of these claims arose before November 9, 2017, they are untimely even under a liberal pleading standard. It is well-settled that the ASA cannot be used to revive other claims and the statute of limitations for conversion is 3 years (CPLR 214), and unjust enrichment is 6 years (CPLR 213). Please provide a more definitive explanation why the Court has subject matter jurisdiction over the following claims.

The Adult Survivor's Act ("ASA") does not revive claims which are otherwise time barred. The ASA established a one year renewal window for adult survivors of sexual assault to file otherwise time barred sexual assault claims beginning on November 24, 2022. *See* CPLR § 214-J. *Matter of Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 371-372 (4th Dept. 2022).

As a revival statute, the ASA is narrowly construed and applied solely to the "identifiable injustice that moved the legislature to act." *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 30 N.Y.3d 377, 400 (2017). Absent a showing of contrary intent by the legislature, the ASA's narrow construction precludes a revival of the claims asserted by Plaintiff within this Complaint.

Pursuant to the ASA, survivors are only allowed to revive claims for "physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense." *Id.* There are two types of sexual conduct that can serve as the predicate for revival of a claim: (1) any sexual offense as defined in NYPL Article 130 and (2) incest (NYPL §§ 255.26 or 255.27). *Id.* For a claim to be revived by the ASA, Plaintiff's cause of action must **"arise out of conduct that constitutes a sexual offense under the penal law."** *See Wilkie v. Vill. of Hempstead*, No. 22-CV-00920 (JMA) (JMW), 2023 WL 5952056, at *8 (E.D.N.Y. June 20, 2023).

New York courts have analyzed a similar provision in CPLR 214-g ("Child Victims Act") and consistently dismissed claims which do not qualify under a strict interpretation of the CPLR. *See Doe v. Wilhelmina Models, Inc.,* No. 950242/2019, 2022 N.Y. Misc. LEXIS 10374 at *6 (Sup Ct, N.Y. Cnty. Oct. 6, 2022); *Perez v. Archdiocese of NY,* 2021 N.Y. Misc. LEXIS 13751, at *11 (Sup. Ct., N.Y. Cnty. Oct. 20, 2021); *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2022 WL 1997176, at *3 (S.D.N.Y. June 6,2022).

Thank you for your consideration.

>Very truly yours,
>
>HODGES WALSH & BURKE, LLP
>
>
>Michael K. Burke, Esq.

Cc: Arthur D. Middlemiss, Esq. by ECF