

Arthur D. Middlemiss
212 822 0129
arthur.middlemiss@lbkmlaw.com

February 26, 2024

**VIA ECF**
The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street,
White Plains, NY 10601

Re: *Soudani v. Soudani*, Case No.: 23-cv-9905-PMH (S.D.N.Y.)

Dear Judge Halpern:

Pursuant to Rule 4.C(ii) of the Court's Individual Practices in Civil Cases ("Individual Rules"), Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff"), by and through her counsel, writes in response to Defendant and Counterclaim-Plaintiff Mout'z Soudani's ("Soudani" or "Defendant") letter dated February 19, 2024 ("Defendant's Pre-Motion Letter," ECF No. 16) requesting the Court's approval to file a motion to dismiss.

As reflected in the February 20, 2024 Minute Entry in the docket sheet, at the Initial Conference on February 20, 2024, the Court determined that Soudani "may write to the Court if he learns during discovery that diversity jurisdiction does not exist." If so demanded as part of discovery, Plaintiff will produce documentation supporting Plaintiff's domicile status in Colorado..

The Court also expressed a strong preference to remove duplicative causes of action from the Complaint. Plaintiff does not concede that any of the counts are duplicative or otherwise improperly pled. However, if settlement is impossible and a trial is required, Plaintiff would prefer it to take place as soon as possible. Therefore, to streamline the case and avoid motion practice, Plaintiff is willing to amend the complaint to remove the Third and Fourth causes of action from

Lewis Baach Kaufmann Middlemiss PLLC

Soudani v. Soudani
February 26, 2024
Page 2

the Complaint (Conversion and Money Had and Received), and if the Court permits, will do so in the same amended pleading the Court authorized with respect to a clearer assertion of Soudani's domicile in ¶ 18. As per § 3 of the Court's Scheduling Order, we are seeking of leave of the Court before filing the amended pleading. Plaintiff has contacted Defendant's counsel on the morning of February 26, 2024 to seek consent to file an amended pleading and has not received a response as of the time of this submission.

In Defendant's Pre-Motion Letter, Soudani alleges that certain claims are untimely "[t]o the extent any of these claims arose before November 9, 2017" and requests that Plaintiff provide a more definitive statement. Defendant's Pre-Motion Letter at 3. Again, Plaintiff does not concede any infirmity in the pleading. Nonetheless, to streamline the case and avoid motion practice, Plaintiff seeks the Court's permission to amend the remaining causes of action to include reference to a time period as follows:

- First Cause of Action – Battery (sexual abuse): From on or about October 1, 1978 to on or about October 14, 2022 (Plaintiff turned 18 on October 1, 1978);

- Second Cause of Action – Battery (physical abuse): From on or about October 1, 1978 to on or about October 14, 2022;

- Fifth Cause of Action – Unjust enrichment: From on or about November 9, 2017 to on or about October 14, 2022; and

- Sixth Cause of Action – Intentional Infliction of Emotional Distress: From on or about August 1977 to on or about October 14, 2022.

**Lewis Baach Kaufmann Middlemiss PLLC**

Soudani v. Soudani
February 26, 2024
Page 3

To the extent Soudani seeks permission to move to dismiss the second cause of action, under the theory that "physical abuse" is not sexual abuse of the type contemplated by CPLR 214-j, we note that the case he cites, *Wilkie v. Vill. Of Hempstead*, No. 22-cv-00920(JMA)(JMW), 2023 WL 5952056 (E.D.N.Y. June 20, 2023), resulted in the revival of false arrest and false imprisonment cause of action, under the theory that such a claim "ar[o]se from conduct which would constitute a sexual offense" defined by the New York Penal Law. N.Y. CPLR 214-j (2022).

Plaintiff advises that in the same amended filing she would also correct a clerical error in paragraph 145 of the Complaint. The Complaint mistakenly refers to N.Y. CPLR 214-g as opposed to CPLR 214-j.

A copy of the proposed Amended Complaint, in redline against the Complaint (ECF No. 1), is attached hereto as **Exhibit A**. A copy of a clean version of the proposed Amended Complaint is attached hereto as **Exhibit B**.

Thank you for the Court's consideration of these issues.

Respectfully Submitted,

/s/ Arthur D. Middlemiss
Arthur D. Middlemiss
10 Grand Central, 25th Floor
New York, NY 10017
(212) 822-0129
*Attorney for Plaintiff and Counterclaim-Defendant*

Cc: Counsel for Defendant and Counterclaim-Plaintiff (by ECF)