UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMAN SOUDANI,<br><br>    Plaintiff, Counterclaim-Defendant,<br><br>vs.<br><br>MOUT'Z SOUDANI,<br><br>    Defendant, Counterclaim-Plaintiff. | Civil Action No.: 7:23-cv-9905<br><br>**ANSWER TO AMENDED COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff and Counterclaim-Defendant, Eman Soudani ("Plaintiff"), by and through her undersigned counsel, hereby files this Answer to the Amended Counterclaims filed by Defendant and Counterclaim-Plaintiff Mout'z Soudani ("Defendant") as follows:

## LIMITED GENERAL DENIAL

1. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiff asserts a general denial as to those allegations contained in the Amended Counterclaim that are not clearly and specifically admitted herein.

## ANSWER

2. Plaintiff admits the allegations set forth in Paragraph 57 of the Amended Counterclaim to the extent that 40 Bailey Road was her residence, but states that for a portion of that time Plaintiff was in Jordan at Defendant's request.

3. Plaintiff denies the allegations set forth in Paragraph 58 of the Amended Counterclaim.

4. Plaintiff denies the allegations set forth in Paragraph 59 of the Amended Counterclaim.

1

5. Plaintiff denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Amended Counterclaim.

6. Plaintiff denies the allegations set forth in Paragraph 61 of the Amended Counterclaim.

7. Plaintiff denies the allegations set forth in Paragraph 62 of the Amended Counterclaim.

8. Plaintiff denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Amended Counterclaim.

9. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Amended Counterclaim.

10. Plaintiff denies the allegations set forth in Paragraph 65 of the Amended Counterclaim, except that Plaintiff admits leaving Defendant and New York to start a new life in Colorado at the invitation of Defendant's son.

11. Plaintiff denies the allegations set forth in Paragraph 66 of the Amended Counterclaim, except that Plaintiff admits that multiple safes were in 40 Bailey Road, and that currency was kept in those safes.  Plaintiff states that she had permission and authority to access the safes.

12. Plaintiff denies the allegations set forth in Paragraph 67 of the Amended Counterclaim.

13. Plaintiff denies the allegations set forth in Paragraph 68 of the Amended Counterclaim.

14. Plaintiff denies the allegations set forth in Paragraph 69 of the Amended Counterclaim except that Plaintiff admits that in October 2022 Plaintiff left Defendant and New

York to escape Defendant's abuse and to start a new life in Colorado.

15. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Amended Counterclaim.

16. Plaintiff admits the allegations set forth in in Paragraph 71 of the Amended Counterclaim.

17. Plaintiff denies the allegations set forth in in Paragraph 72 of the Amended Counterclaim; Plaintiff states that she was arrested on a felony complaint, later dismissed, falsely alleging that she stole $350,000 from Defendant and that that felony complaint was later dismissed.

18. Plaintiff admits the allegations set forth in in Paragraph 73 of the Amended Counterclaim to the extent that they refer to an indictment that charged only Martin Soudani.

19. Plaintiff admits the allegations set forth in in Paragraph 74 of the Amended Counterclaim to the extent that they refer to an indictment that charged only Martin Soudani.

20. Plaintiff denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in in Paragraph 75 of the Amended Counterclaim other than that Plaintiff understands that Martin Soudani pleaded guilty only to the charge of Grand Larceny in the Third Degree, not Grand Larceny in the First Degree, and that the court records of the Supreme Court, Orange County would speak for themselves.

21. Plaintiff denies the allegations set forth in Paragraph 76 of the Amended Counterclaim.

22. Plaintiff denies the allegations set forth in Paragraph 77 of the Amended Counterclaim.

23. Plaintiff denies the allegations set forth in Paragraph 78 of the Amended

Counterclaim.

24. Plaintiff denies the allegations set forth in Paragraph 79 of the Amended Counterclaim.

25. Plaintiff denies the allegations set forth in Paragraph 80 of the Amended Counterclaim.

26. Plaintiff denies the allegations set forth in Paragraph 81 of the Amended Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

27. Defendant's counterclaims are barred because Defendant fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

28. Defendant's counterclaims are barred by the statute of limitations because the counterclaims were not commenced within the applicable statute of limitations periods.

## THIRD AFFIRMATIVE DEFENSE

29. To the extent that Defendant's counterclaims seek equitable relief, they are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

30. While Plaintiff does not concede that Defendant has suffered any damages as a result of any alleged wrongdoing by Plaintiff, any alleged damages incurred as a result of any alleged wrongful conduct on the part of Plaintiff should be offset by the damages suffered by Plaintiff and caused by Defendant with respect to Plaintiff's claims set out in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

31. The injuries claimed by the Defendant were caused by the actions and/or

wrongdoing of Defendant or third persons or entities not parties hereto and Plaintiff's claims are offset therefore.

## **SIXTH AFFIRMATIVE DEFENSE**

32. In light of Defendant's allegations concerning Martin Soudani, Plaintiff claims an offset for all settlements and restitution recovery from him or other persons or entities based on the counterclaimed events described herein pursuant to Section 15-108 of the New York General Obligations Law.

## **SEVENTH AFFIRMATIVE DEFENSE**

33. Pursuant to New York CPLR 4545(c), any award to the Defendant for economic loss shall be reduced by the amount of economic recovery received from collateral sources.

## **EIGHTH AFFIRMATIVE DEFENSE**

34. Defendant's claims are barred by reason of his unlawful conduct.

## **NINTH AFFIRMATIVE DEFENSE**

35. Without conceding that Defendant has suffered any damages as a result of any alleged wrongdoing by Plaintiff, Defendant failed to mitigate or minimize his alleged damages.

## **TENTH AFFIRMATIVE DEFENSE**

36. Defendant fails to state a claim for punitive damages.

## **RESERVATION OF RIGHTS**

37. By setting forth the foregoing affirmative defenses, Plaintiff does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Defendant. Nothing stated herein is intended to be or shall be construed as an admission that any particular issue or subject matter is relevant to Defendant's allegations. Plaintiff does not waive and expressly preserves her right to rely upon any other defenses that

may become available in the course of the litigation and reserves the right to amend this Answer to assert further defenses or to modify her defenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests judgment on the Counterclaims as follows:

a) Enter judgment on the Counterclaims favoring Plaintiff by dismissal or otherwise;

b) Award Plaintiff the costs, disbursements and attorneys' fees incurred in defense of these Counterclaims; and

c) Grant to Plaintiff any such further relief as the Court deems just and proper.

DATED: March 5, 2024
New York, New York

Respectfully submitted,

LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC

By: _/s/ Arthur D. Middlemiss_
Arthur D. Middlemiss
arthur.middlemiss@lbkmlaw.com
Marc F. Scholl
marc.scholl@lbkmlaw.com
10 Grand Central
155 East 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146