**HODGES WALSH & BURKE, LLP**
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601
___
(914) 385-6000
FAX (914) 385-6060
www.hwb-lawfirm.com

Michael K. Burke, Esq.
Direct Email : mburke@hwb-lawfirm.com

March 13, 2024

**VIA ECF**
Honorable Philip M. Halpern
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   Soudani v. Soudani
      23 CIV 9905 (PMH)

Dear Judge Halpern:

    We represent the Defendant, Mout'z Soudani, and write to the Court in response to plaintiff's letter dated February 26, 2024 seeking permission to amend her Complaint dated November 9, 2023.

    As noted, the plaintiff has withdrawn her claims for conversion and money had and received based upon our request for clarification. Plaintiff still seeks to assert untimely and impermissible claims.

    In determining whether an amendment is futile, courts consider whether a plaintiff's proposed claims would survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000).

    First, the plaintiff asks the Court to extend the Adult Survivor Act to financial claims relying on *Wilkie v. Vill. of Hempstead*, No. 22CV00920JMAJMW, 2023 WL 5952056, at *7 (E.D.N.Y. June 20, 2023).

    The ASA established a one-year renewal window for adult survivors of sexual assault to file otherwise time barred sexual assault claims beginning on November 24, 2022. *See* CPLR §

214-J. *Matter of Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 371-372 (4th Dept. 2022).

As a revival statute, the ASA is narrowly construed and applied solely to the "identifiable injustice that moved the legislature to act." *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 30 N.Y.3d 377, 400 (2017).

The ASA, by its plain language, revives only a "civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense." N.Y. C.P.L.R. § 214-j.

In *Wilke*, the court properly allowed the false arrest and false imprisonment claims to stand because they were directly based upon the defendant's conduct in restraining the victims during sexual assault.

The facts here are quite different and we have found no law to support plaintiff's request based upon physical abuse. See *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2022 WL 1997176, at *3 (S.D.N.Y. June 6, 2022) ("As common law assault is not a sexual offense, incest or the use of a child in a sexual performance, all as defined in the Penal Law, the Child Victims Act did not revive such claims.").

As such, the Court must deny the application to include battery claims in the Amended Complaint.

Second, a claim for unjust enrichment is governed by a six-year statute of limitations. *See* N.Y. C.P.L.R. § 213; *Equitable Life Assurance Soc'y of U.S.* v. *Branch*, 32 A.D.2d 959 (2nd Dept. 1969). "The statute of limitations begins to run on a claim for … unjust enrichment as soon as the initial payment is made." *Onanuga* v. *Pfizer, Inc.*, 369 F.Supp.2d 491, 500 (S.D.N.Y. 2005); *accord Swain* v. *Brown*, 135 A.D.3d 629 (1st Dept. 2016).

As the plaintiff ambiguously alleges that the conduct in question began more than six years before filing her Complaint (i.e. "on or about November 9, 2017"), the Court must deny the application to include unjust enrichment claims in the Amended Complaint.

Third, claims for the Intentional Infliction of Emotional Distress are subject to a one year statute of limitations. See *Brown v. Bronx Cross County Medical Group*, 834 F. Supp. 105, 110 (S.D.N.Y.1993); N.Y. C.P.L.R. § 215 (3). The plaintiff asserts that her claim arose in August 1977 and, as such, she failed to timely file an action.

Under New York law the plaintiff must show: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress. See *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. Liability may be found only where the conduct has been so "extreme and outrageous" in character, and so extreme in degree, as to go beyond all bounds of decency,

and to be regarded as atrocious, and utterly intolerable in a civilized community. *Green v. Fischbein Olivieri Rozenholc & Badillo*, 119 A.D.2d 345, 350 (1st Dept.1986)(internal citations and quotations omitted). Plaintiff also failed to mitigate her damages despite knowledge of her claims.

      Based upon the foregoing, we respectfully request that the Court direct plaintiff to correct her proposed Amended Complaint or, alternatively, grant the defendant permission for move for dismissal.

                      Respectfully submitted,

                      HODGES WALSH & BURKE, LLP

                      Michael K. Burke, Esq.
                      Attorneys for the Defendant