


Arthur D. Middlemiss
212 822 0129
arthur.middlemiss@lbkmlaw.com

March 15, 2024

**VIA ECF**
Hon. Philip M. Halpern
U.S. District Court of the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re: *Soudani v. Soudani*, Case No. 23-cv-9905(PMH)(AEK) (S.D.N.Y.)**

Your Honor:

We represent Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff") and write in response to Defendant and Counterclaim-Plaintiff Mout'z Soudani's ("Defendant") letter dated March 13, 2024 (the "Letter"). We understand that the Letter to be a response to Plaintiff's February 26, 2024 letter seeking leave to file an Amended Complaint. The Letter opposes Plaintiff's motion on the basis that it will be futile because the proposed claims would not survive a motion to dismiss, and in the alternative seeks leave to move to dismiss the Amended Complaint, presuming that the Court grants permission to file. Plaintiff's February 26, 2024 letter was intended to streamline matters following the February 20, 2024 conference with the Court. Whether the Letter is deemed an opposition to Plaintiff's motion for leave to amend, an untimely application to dismiss the current Complaint, or a premature application to dismiss the proposed Amended Complaint, it should be denied.

The Federal Rules of Civil Procedure provide that a court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). A proposed amendment can be denied as futile in limited circumstances, where a plaintiff has "presented no basis for the district court to believe [that she] could allege facts withstanding a 12(b)(6) motion." *Sprague v. Salisbury Bank & Tr. Co.*, 969 F.3d 95, 101 (2d Cir. 2020) (internal quotation omitted). For the reasons set out below,






Plaintiff submits that her proposed Amended Complaint does not fall within the limited exception to the liberal standard allowing for amendments to pleadings, and that her motion for leave to file the Amended Complaint should be granted.

**A. Intentional Infliction of Emotional Distress ("IIED")**

Defendant argues that the Adult Survivors Act ("ASA"), N.Y. C.P.L.R. § 214-j, did not "revive" Plaintiff's IIED claim. Defendant is wrong.

The ASA provides, in pertinent part:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . .***<u>every</u>*** civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age . . . which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived…. (emphasis added).

Notably, Defendant's quotation of the ASA (Letter at 2) omits the word "every." New York courts interpreting the Child Victims Act ("CVA") (N.Y. C.P.L.R. § 214-g), which mirrors the relevant language of the ASA, have stressed that the statute revives every covered civil claim or cause of action that would have been properly brought in New York in the first instance. *Samuel W. v. United Synagogue*, 219 A.D.3d 421, 422 (1st Dep't 2023) (citing *Shapiro v. Syracuse Univ.*, 208 A.D.3d 958, 961 (4th Dep't 2022)). New York courts routinely uphold CVA cases alleging IIED. *See, e.g.*, *Doe v. N.Y.C. Dep't of Educ.*, No. 1:21-cv-04332, 2024 WL 149289, at *1 n. 1 (E.D.N.Y. Jan. 12, 2024) ("there is no question that the CVA revives sexual assault and statutory rape claims … or IIED claims premised on that conduct"); *see also Doe v. Pro Camps, Ltd.*, No.






528018/2019, 2023 WL 3778565 (Sup. Ct. Kings Cnty. May 22, 2023) (denying motion to dismiss claims of *inter alia* IIED, assault, and battery revived under the CVA); *Roe v. Poly Prep Country Day Sch.*, No. 527551/2019, 2023 WL 2265718 (Sup. Ct. Kings Cnty. Feb. 28, 2023) (same); *Coe v. Poly Prep Country Day Sch.*, No. 504095/2020, 2023 WL 3738423 (Sup. Ct. Kings Cnty. May 19, 2023) (same).

Further, Defendant is incorrect to argue that Plaintiff's IIED claim "arose in August 1977" (Letter at 2). The IIED claim accrued on or about October 14, 2022, when Plaintiff fled New York to escape Defendant's abuse. The continuing tort doctrine applies to Defendant's conduct from the period of August 1977 to on or about October 14, 2022. *See Estreicher v. Oner*, 148 A.D.3d 867, 868 (2d Dep't 2017) (finding that the defendant's counterclaim for IIED was within the statute of limitations because the final actionable event occurred within one year of the suit).

Defendant's remaining IIED-related claims merit short shrift. To meet the pleading standard for an IIED claim, the alleged conduct must "consist of more than mere insults, indignities and annoyances," and arise "as a result of a 'campaign of harassment or intimidation.'" *164 Mulberry St. Corp. v. Columbia Univ.*, 4 A.D.3d 49, 56 (1st Dep't 2004) (internal citations omitted). No specific allegations are required: "[t]he tort is as limitless as the human capacity for cruelty." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993). This Complaint (and the proposed Amended Complaint) explore those bounds.

Likewise, Defendant's argument that Plaintiff failed to "mitigate her damages despite knowledge of her claims" (Letter at 3) is wrong. This is an attempt to blame the victim for not reporting Defendant's misconduct sooner. The argument ignores the Complaint's details of






Defendant's physical and economic abuse, and the manifest fear Plaintiff had of reprisal which refute Defendant's defense. Generally, the doctrine of mitigation will not operate against an injured party where the failure to minimize damages occurs subsequent to some intentional or reckless act on defendant's part. *Den Norske Ameriekalinje Actiesselskabet v. Sun Print. & Pub. Assn.*, 226 N.Y. 1, 8-9 (1919); *Clark Operating Corp. v. Yokley*, 120 Misc.2d 631, 632 (Civ. Ct. Kings Cnty. 1983) ("[T]he duty of mitigation is not required in the case of intentional or malicious injuries."). Plaintiff's damages here include psychological damages, "thus most difficult for a layman to anticipate and mitigate in any case." *Clark Operating Corp.*, 120 Misc.2d at 633. In *S.R. v. Gates Chili Bd. of Educ.*, 78 Misc.3d 934 (Sup. Ct. Monroe Cnty. 2023), the New York Supreme Court rejected the defendant's affirmative defense to plaintiff's IIED and negligence claims that the plaintiff failed to mitigate damages by failing to timely report the abuse or consistently seek mental health counseling, noting that the defense is not available to intentional torts and that such a defense is "antithetical to the legislative history and purpose behind the CVA." *S.R. v. Gates Chili Bd. of Educ.*, 78 Misc.3d 934, 950 (Sup. Ct. Monroe Cnty. 2023). Likewise, Plaintiff submits that the defense should not be applied here.

**B. Physical Abuse**

Defendant raises the same claim now that he raised in his initial letter, arguing that the ASA does not revive Plaintiff's claim for battery (physical abuse). Here, Plaintiff's physical abuse "ar[o]se from conduct which would constitute a sexual offense" as defined by the New York Penal Law. *Wilkie v. Vill. of Hempstead*, No. 22-CV-00920, 2023 WL 5952056, at *8 (E.D.N.Y. June 20, 2023). Defendant asserts that *Wilkie* is distinguishable because the false arrest and false

imprisonment claims were "directly based upon the defendant's conduct in restraining the victims during sexual assault." Letter at 2. However, Plaintiff's physical abuse claim likewise is based on the physical abuse Defendant repeatedly perpetrated in the course of subjecting her to sexual abuse.

**C. Unjust Enrichment**

Defendant argues that the unjust enrichment claim must fail, even if amended as proposed to refer to a period from on or about November 9, 2017 to on or about October 14, 2022, *i.e.*, within six years of the date the Complaint was filed. Defendant argues that this is because Plaintiff "ambiguously alleges that the conduct in question began more than six years before filing her Complaint." To the extent that Defendant takes issue with the possibility that the proposed amended period refers to dates prior to November 9, 2017, Plaintiff agrees to amend the period for the claim to "on or *after* November 9, 2017 to on or about October 14, 2022."

***

Plaintiff seeks to resolve the matter as quickly as possible – which is why she has sought to short-circuit motion practice by suggesting amendments to the Complaint. We respectfully request that the Court (i) grant Plaintiff's request to amend, and (ii) reject Defendant's request for permission to file a motion to dismiss or, in the alternative, deem Defendant's Letter to be his motion to dismiss and deny it.

Sincerely,

Arthur D. Middlemiss

CC: All parties of record (via ECF).