

March 19, 2024

**<u>VIA ECF</u>**
Hon. Philip M. Halpern
U.S. District Court of the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Defendant is directed to file a response to Plaintiff's March 19, 2024 letter (Doc. 29) by **March 22, 2024**. The Court will hold an in-person conference regarding Plaintiff's anticipated motion to compel on March 27, 2024 at 11:00 a.m. in Courtroom 520 of the White Plains Courthouse.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 20, 2024

                Re: *Soudani v. Soudani*, Case No. 23-cv-9905 (S.D.N.Y.) (PMH) (AEK)

Your Honor:

      We represent Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff"). In accordance with Rule 4.D of Your Honor's Individual Practices in Civil Cases and Local Civil Rule 37.2, Plaintiff requests a pre-motion conference prior to filing a motion asking the Court to require the Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a Elizabeth Soudani Irrevocable Living Trust and the Mout'z F. Soudani Grantor Trust (the "Trusts") to comply with validly issued third-party subpoenas.

      As it happens, Defendant and Counterclaim-Plaintiff Mout'z Soudani ("Defendant") is the trustee of both Trusts. We have made repeated good-faith attempts to confer with Defendant's counsel and Defendant (by email and FedEx) to avoid taking court action. It remains unclear whether Defendant's counsel represents him for purposes related to the Trusts, and Defendant has not responded to the subpoenas.

      As described below, there were no objections to the subpoenas prior to their return date or to date. There has also been no compliance to date. After the return date, Plaintiff again contacted Defendant's counsel, and reached out to Defendant in writing, to seek compliance with the subpoenas. Defendant has not responded, and Defendant's counsel has not advised that he represents either the Trusts or Defendant in connection with the subpoenas. Therefore, as set out

1

Lewis Baach Kaufmann Middlemiss PLLC

Soudani v. Soudani
March 19, 2024
Page 2

below, we have not been able to fully "meet and confer" with the Defendant in accordance with Fed. R. Civ. P. Rule 37(a)(1).

\*\*\*

Prior to issuing the subpoenas, on January 29, 2024, Plaintiff's counsel asked Defendant's counsel if he was authorized to accept service of the subpoenas. By email that same day, counsel stated that he did not have authority to accept service of the subpoenas.[1] Counsel did not state he represented the Trusts or Defendant for purposes related to Defendant's operations with the Trusts.

In accordance with Fed. R. Civ. P. Rule 45(a)(4), we provided Defendant's counsel a copy of the subpoenas on January 30, 2024.

On February 2, 2024, Plaintiff served subpoenas on Defendant, in his capacity as the Trustee of the Trusts. The subpoenas provided a return date of February 15, 2024. The subpoenas are attached hereto as **Exhibits A** and **B**, and the affidavits of service are attached hereto as **Exhibit C**.

The February 15, 2024 return date came and went. No one objected to the subpoenas.

On March 5, 2024, pursuant to Rule 37 of the Federal Rules of Civil Procedure, we again asked Defendant's counsel whether he represented Defendant for purposes of the Trust subpoenas, as Plaintiff intended to provide a Rule 37 conferral letter. Defendant's counsel replied that he would ask Defendant and let us know the response.

---

[1] By the same email, we asked Defendant's counsel whether he represented Defendant for purposes of a then-ongoing proceeding in New York State Supreme Court. Counsel stated that he did not represent Defendant for purposes of that proceeding but did not state whether he represented Defendant for purposes of his dealings with the Trusts.

Later that day, March 5, 2024, we sent Defendant's counsel a letter, per Fed. R. Civ. P. Rule 37, noting that the date for objection had passed and that no production had been made, and asking for production to be made by March 12, 2024.

We received no response to the letter.

On March 13, 2024, we directed a letter by FedEx to the Defendant, in his capacity as Trustee of the Trusts, and attached copies of the subpoenas. The letter was delivered on March 14, 2024. It was also sent to Defendant's counsel. The March 13 letter required compliance with the subpoenas by March 18, 2024.

On March 18, 2024, we received an email from Defendant's counsel asking us to provide him the affidavits of service for the Trust subpoenas, and those were provided. We also asked Defendant's counsel again if he represented Defendant for purposes related to the Trusts but received no answer.

Plaintiff's counsel received no reply whatsoever to the March 13, 2024 letter. No objections have been made to the subpoenas, and no production has been made.

Accordingly, Plaintiff asks this Court for a pre-motion conference in anticipation of asking the Court to issue an Order requiring compliance with the subpoenas.

**ARGUMENT**

Under Rule 45 of the Federal Rules of Civil Procedure, a party may serve a subpoena on a non-party seeking the production of documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).



Soudani v. Soudani
March 19, 2024
Page 4

Under Rule 45, a non-party may object to a subpoena. Objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "The fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections." *In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005) (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 [2d Cir. 1998]).

Here, under the Federal Rules, written objections to both subpoenas were due, at the latest, by February 16, 2024. *See* Fed. R. Civ. P. 45(d)(2)(B). The Trusts have neither produced documents nor offered any good-faith reason for noncompliance. The Trusts have, as a result, waived all objections to the subpoenas.

The subpoenas comply with Rule 26(b) because they seek relevant information as to Plaintiff's claims and defenses to Defendant's counterclaims. *See* Fed. R. Civ. P. 26(b). As the Complaint alleges, Defendant used the Trusts to exert control over Plaintiff's economic circumstances, by arranging for assets to be held in the name of the Trusts and subsequently transferring them to himself. (ECF No. 1, ¶¶ 75-78, 162-166). Defendant used bank accounts of the Trusts to, among other things, take Plaintiff's social security benefits and the litigation settlement she obtained from a car accident. The monies she and her son supposedly stole were transferred from a bank account maintained by the Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a Elizabeth Soudani Irrevocable Living Trust – of which Plaintiff's son was the beneficiary. The subpoenas seek financial records, account statements, and other documentation relating to the Trusts' financial activity and are therefore directly relevant to Plaintiff's claims, including her

claim for unjust enrichment. The information sought will also undermine the credibility of the factual allegations supporting Defendant's counterclaims.

Defendant's refusal to respond to the subpoenas in his capacity as Trustee represents willful and contumacious conduct. Having apparently chosen to establish and maintain independent legal entities to conduct his affairs, Defendant cannot complain that those same entities are now subject to process. He cannot wield them both as sword and shield.

Plaintiff seeks compliance with the subpoena. If, in fact, Defendant is *pro se* for these purposes, we recognize that his status may warrant a "special solicitude." *Kloiber v. N. Westchester Hosp. Ctr.*, No. 14 Civ. 1425 (VB)(LMS), 2016 WL 8711455, at *4 (S.D.N.Y. June 10, 2016) (citing *Carvalho v. Reid*, 193 F.R.D. 149, 151 [S.D.N.Y. 2000]). Nevertheless, *pro se* status is not a license to disregard entirely a validly served subpoena. We therefore respectfully request that the Court grant a pre-motion conference in anticipation of Plaintiff asking the Court to issue an Order requiring the Trusts to comply with the subpoenas.

Sincerely,

Arthur D. Middlemiss

CC: All parties of record (via ECF)
     Mout'z Soudani (via FedEx)