UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMAN SOUDANI

          Plaintiff,

v.

MOUT'Z SOUDANI

          Defendant.

Case No. 23-cv-0995-PMH

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA TO WALDEN SAVINGS BANK

Defendant Mout'z Soudani submits this Memorandum of Law in support of the motion to quash the attached subpoena *duces tecum* issued by plaintiff Eman Soudani to Walden Savings Bank (the "Subpoena") in the above-referenced action.

## I. PRELIMINARY STATEMENT

In another attempt to engage in a fishing expedition, plaintiff has served a subpoena requesting 47 years of bank records from a combined seven different individuals/entities. The two individuals are the plaintiff and defendant and the five entities are non-parties. (See, Subpoena "Request for Production" Burke Aff. Ex. A)

Moreover, the itemized requests are largely irrelevant to the outstanding claims in this matter, but are also almost all are improper and unduly burdensome.

On May 16, 2024 Defendant received service of Plaintiff's non-party Subpoena to Walden Savings Bank. The subpoena requests for the period of August 1, 1977 to present day please produce documents and communications in (Walden Savings Bank) possession concerning the below listed individuals:

a. Mout'z Soudani (defendant)

b. Eman Soudani (plaintiff)

c. Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a Elizabeth Soudani Irrevocable Living Trust; (non-party)

d. Mout'z F. Soudani Grantor Trust (non-party)

e. Palmerone-Soudani Land Developers Ltd. (non-party)

f. Eman-Moutaz Ltd. (non-party)

g. Soudani Ltd. (non-party)

Michael K. Burke and his firm represents defendant Mout'z Soudani and for the purposes of moving to quash this subpoena, the five non-party entities Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a Elizabeth Soudani Irrevocable Living Trust, Mout'z Soudani Grantor Trust; Palmerone-Soudani Land Developers Ltd.; Eman-Mout'z Ltd. and ; Soudani Ltd.

## II.     ARGUMENT

Rule 45(b)(2) provides:

Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:

(A) within the district of the issuing court;

(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Rule 45 provides protection against the harassment Plaintiff attempts to undertake by issuing a subpoena to Walden Savings Bank. In relevant part Rule 45 provides that this Court may quash inappropriate subpoenas such as Plaintiff's when they "require[] disclosure of privileged or other protected matter ... or subject[] a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). The decision concerning whether to quash a subpoena is "'entrusted to the sound discretion of the district court.'" *In re World Trade Center Disaster Site Litig.,* Nos. 21 MC 100, 05 Civ. 9141, 06 Civ. 8890, 06 Civ. 11710, 2009 WL 4722250, at *2 (S.D.N.Y. Dec. 9, 2009) (citation omitted). This Court must use its discretion to quash the Subpoena because Defendant submits Walden Savings Bank to undue burden and also may require the disclosure of privileged material.

The Subpoena must be quashed because it imposes an undue burden on Walden Savings Bank by way of twelve separate requests over 47 years for bank records and communications with the bank for the defendant and five non-party entities which have little to do with the claims. The defendant does not move to quash the portion of the subpoena as it relates to plaintiff's records that Walden Savings Bank may maintain. However, defendant and non-party entities are left to wonder if plaintiff truly had any records or accounts at Walden Savings Bank, she would not need to subpoena the records she need only ask the bank for her records. In order to determine whether a subpoena causes an undue burden on a witness, courts evaluate "'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y. 1996). Although the party moving to quash the subpoena carries the burden, "[a] subpoena that 'pursues material with little apparent or likely relevance to the subject matter,' ... is likely to be quashed as unreasonable ...." *Kirschner*

3

*v. Klemons,* No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.DN.Y. May 19, 2005).

In *Concord Boat,* the court quashed a number of plaintiffs' document requests because "[they did] not limit their scope to documents relating to either Brunswick in general, or to specific Brunswick recreational marine businesses or transactions ... [s]uch a fishing expedition will reel in 'material with little apparent or likely relevance to the subject matter' at hand." 169 F.R.D. at 51 (citation omitted); *see also Minibooster Hydraulics AIS v. Scanwill Fluid Power,* 2007 WL 1526421, at *3 (W.D.N.Y. May 23, 2007) ("Plaintiffs motion to quash the subpoena ... is granted ... the subpoena issued to ASP is overly broad and unduly burdensome, given the fact that ASP documents have been disclosed by plaintiff."). The twelve requests over 47 years that comprise the Subpoena are similarly irrelevant and result in undue burden for Walden Savings Bank. The Subpoena requests a host of documents that cannot be reasonably related to the limited confines of plaintiff's claim. As such the Court should quash the Subpoena.

Finally, the Court should consider impose sanctions against plaintiff and award attorney's fees due to the vexatious nature of the Subpoena. Rule 45(c)(l) provides for both remedies when a party does not "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(l).

Whether a subpoena imposes an undue burden depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Int'l Bus. Mach. Corp.,* 83 F.R.D. at 104. Moreover, "[a]ny subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Ireh v. Nassau Univ. Med. Ctr.,* 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008); *During v. City Univ. of N.Y.,* 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006). Motions to quash are "entrusted to the sound discretion of the district court." *In re Fitch Inc.,* 330 F.3d 104, 108 (2d Cir. 2003). Here, the subpoena request bank records for defendant and five non-party entities for over 47 years. Such a demand is clearly overbroad and merely a fishing expedition and should be quash.

## **CONCLUSION**

Thus, it is appropriate for the Court to grant Defendant's motion to quash the Subpoena, consider sanctions against plaintiff and award attorney's fees for this motion and provide such other and further relief as the Court deems just and proper.

Dated: White Plains, N.Y.
       May 30, 2024

Respectfully submitted,

*Michael K. Burke*

Michael K. Burke, Esq.
Hodges, Walsh & Burke LLP
55 Church St. Suite 211
White Plains, New York 10601
(914) 385-6030