AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Eman Soudani | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 7:23-cv-09905 |
| Mout'z Soudani | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Walden Savings Bank

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A.

| Place: Lewis Baach Kaufmann Middlemiss PLLC<br>10 Grand Central, 155 East 44th Street, 25th Floor<br>New York, New York 10017 | Date and Time:<br>05/31/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/16/2024

*CLERK OF COURT*

OR

_____                    /s/ Arthur D. Middlemiss
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Eman Soudani                    , who issues or requests this subpoena, are:

Arthur D. Middlemiss; 10 Grand Central, 155 East 44th Street, 25th Fl., New York, New York 10017;
arthur.middlemiss@lbkmlaw.com; 212-826-7001

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 7:23-cv-09905

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 7:23-cv-09905-PMH   Document 40-2   Filed 05/30/24   Page 3 of 10

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**Requests for Production**

For the time period from August 1, 1977 to the present day (the "Relevant Period"), please produce the following documents and communications in Your possession concerning the below-listed individuals (the "Individuals") and entities (the "Entities"):

- a. **Mout'z F. Soudani**
  - Date of Birth: 04/01/1949
  - SSN: 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

- b. **Eman Soudani**
  - Date of Birth: 10/01/1960
  - SSN: 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

- c. **Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a/ Elizabeth Soudani Irrevocable Living Trust**

- d. **Mout'z F. Soudani Grantor Trust (EIN 82-6584855)**

- e. **Palmerone-Soudani Land Developers Ltd. (DOS ID 1289881)**

- f. **Eman-Moutaz, Ltd. (DOS ID 1727943)**

- g. **Soudani, Ltd. (DOS ID 1018256)**

1. For all accounts in which any of the Individuals or Entities had a legal or equitable interest during the Relevant Period:
    - a. All transaction confirmations, including documents concerning the purchase or sale of securities (including stocks, bonds, structured products, mutual funds, or ETFs), or certificates of deposit;
    - b. All monthly account statements;
    - c. All account opening documents, including "know your customer" forms;
    - d. Images of cashed, cancelled, dishonored, or deposited checks;
    - e. Images of deposit tickets/forms;

      f.  Documents relating to wire transfers, debit and credit memoranda;

      g.  Loan applications, files, and payments, including records relating to mortgages;

2. Notices or other communications from You to any of the Individuals or Entities;

3. Credit references issued by You for any of the Individuals or Entities;

4. Documents concerning safe deposit boxes held by any of the Individuals or Entities or which any of the Entities were authorized to access, including documents reflecting the dates that all persons accessed the safe deposit boxes during the Relevant Period; and

5. Documents and communications that reflect instructions given by any of the Individuals or Entities to You (e.g., email authorizations, letters, or records of instructions by phone).

3

## **Definitions**

1. These definitions hereby incorporate the Uniform Definitions in Discovery Requests as defined in the United States District Court for the Southern District of New York's Local Civil Rule 26.3.

2. "You" and "Your" refers to Walden Savings Bank and to any employee or other representative of Walden Savings Bank.

**Instructions**

The following instructions (as well as the requirements of Rule 34 of the Federal Rules of Civil Procedure and the applicable Local Rules) apply to these Document Requests:

1. Each request for a document contemplates production of the document in its entirety, without abbreviation or redaction.

2. Each request for documents seeks production of all documents described herein, and any attachments thereto, in Your possession. custody, or control or in the possession, custody or control of any of Your attorneys, employees, agents, or representatives, and all documents and any attachments which You or any of Your attorneys, employees, agents, or representatives have the legal right to obtain or have the ability to obtain from sources under Your or their control.

3. These requests are continuing in nature. Any additional documents coming into Your possession that are responsive to the foregoing requests shall be furnished promptly. Additionally, if You become aware that a response is inaccurate, incomplete, or misleading, You are required to supplement or amend Your response.

4. You should produce documents or communications not directly responsive to a request if such documents or communications refer to, relate to, reflect, concern, or explain the documents or communications called for by the document request, or if such documents or communications are attached to documents or communications called for by the request.

5. If any of the following requests for production of documents cannot be complied with in full, You must comply with each to the extent possible and provide an explanation as to why full compliance is not possible.

6. If there are no documents or communications responsive to a particular request, You must so state in writing.

7. If a Request is objected to, please state as clearly as possible whether documents are being produced in response to the Request, or whether documents facially responsive to the Request are being withheld or not being searched for. If documents facially responsive to the Request are being withheld or not being searched for, please indicate clearly and specifically the nature of those documents.

8. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests or portions of requests to which You object.

9. If You claim that any privilege is applicable to any document sought by this request, You must identify the document, its author, its type, its general subject matter, its date, its recipients (if any), the relationship between the author and recipients (if any), and the privilege asserted.

10. If a document responsive to the requests has been altered or destroyed or otherwise disposed of, You must identify that document as completely as possible, including its type; general subject matter, date, author, its recipients (if any); the relationship between the author and recipients (if any); the reason for its alteration, destruction, or disposal; and each and every person who authorized that alteration, destruction, or disposal.

11. In producing documents, all documents that are physically attached to each other shall be produced in that form. If a document responsive to any request cannot be

produced in full, You must produce it to the extent possible and provide an explanation stating why production of the remainder is not possible.

12. We reserve all rights to expand or supplement all requests for information and the documents and communications set forth herein.

13. At a future date, we may also subpoena individuals associated with You for depositions and/or trial testimony.