UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMAN SOUDANI,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>-against-<br><br>MOUT'Z SOUDANI,<br><br>Defendant and Counterclaim-Plaintiff. | Case No.: 23-cv-9905 (PMH) (AEK) |

## REDACTED DECLARATION OF ARTHUR D. MIDDLEMISS
## IN OPPOSITION TO DEFENDANT MOUT'Z SOUDANI'S MOTION TO QUASH

I, Arthur D. Middlemiss, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner in the law firm of Lewis Baach Kaufmann Middlemiss pllc. I represent Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff") in the above-captioned action. I make this declaration in opposition to the Motion to Quash a Subpoena Issued to Walden Savings Bank (the "Motion") by Defendant and Counterclaim-Plaintiff Mout'z Soudani ("Defendant") and certain non-parties. The non-parties include two trusts, the Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a Elizabeth Soudani Irrevocable Living Trust and the Mout'z Soudani Grantor Trust, and Palmerone-Soudani Land Developers Ltd., Eman-Moutaz Ltd., and Soudani Ltd.

2. Plaintiff issued a subpoena to Walden Savings Bank for the financial documents relating to Defendant, the two trusts, and three other non-parties – Palmerone-Soudani Land Developers Ltd., Eman-Moutaz Ltd., and Soudani Ltd. – on January 18, 2024, with a return date of February 9, 2024.

3. Attached hereto as **Exhibit A** is a screen capture of the New York Secretary of State's

1

website showing that Eman-Moutaz Ltd. was active between 1993-1997. It shows that Plaintiff was its CEO.

4. Attached hereto as **Exhibit B** is a screen capture of the New York Secretary of State's website showing that Soudani, Ltd. was dissolved in 1992.

5. Plaintiff provided notice of the subpoena to Defendant's counsel prior to service on January 18, 2024. Defendant did not object to the subpoena or otherwise move in connection therewith.

6. On or about May 9, 2024, a representative of Walden Savings Bank advised my office that the bank did not comply with the initial subpoena because it was not personally served. We then re-issued the subpoena on May 16, 2024 and caused the subpoena to be personally served on Walden Savings Bank, with a return date of May 31, 2024. Plaintiff provided notice of the re-issued subpoena to Defendant's counsel prior to service that same day. Service was effected on Walden Savings Bank on May 20, 2024.

7. On May 24, 2024, Walden Savings Bank produced documents pursuant to the re-issued subpoena.

8. After Defendant filed the instant motion to quash, on May 30, 2024, I emailed Defendant's counsel the next day, on Friday, May 31, 2024, to seek to inform him of Walden Savings Bank's response and to discuss the motion to quash.

9. In response, Defendant's counsel asked me to email him regarding the issue related to his motion to quash. I did not do so because of the sensitivity of the issues involved. Defendant's counsel suggested a "meet-and-confer" in response to other discovery issues on Monday, June 3, 2024 at 2 p.m.

10. On June 3, 2024, Defendant's counsel asked for the call to be postponed due to a conflict. I agreed. I also told him by email that we had received documents from Walden Savings Bank prior to his filing of the instant motion, and reminded him that we had first filed the subpoena in January 2024, without objection. I requested that Defendant's counsel withdraw the Motion. On the same day, my office sent the documents from Walden Savings Bank's production to Defendant's counsel.

11. On June 4, 2024, I spoke to Defendant's counsel, described to Defendant's counsel the substance of some of the materials in Walden Savings Bank's production, including the documents described in paragraphs 16-29 below, and asked Defendant's counsel to withdraw the Motion. Defendant's counsel declined to withdraw.

12. Separately from the subpoena at issue here, Plaintiff had also attempted to obtain certain financial information and records from Defendant and from the two trusts.

13. On April 22, 2024, Defendant served his responses to Plaintiff's First Requests for Production. In response to Plaintiff's requests for financial documents relating to himself and the two trusts, Defendant objected generally that the requests were burdensome, overbroad, and not relevant. Defendant produced account statements for one bank account held in the name of Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a/ Elizabeth Soudani Irrevocable Living Trust from around November 2020 to October 2022. Defendant claimed that he did not possess any other responsive documents with respect to the requests for financial documents. Defendant did not produce any account records for any account in his own name.

14. Defendant has not provided any objections or responses with respect to the subpoenas to the two trusts. Defendant has not produced any documents in response to the subpoenas to the two trusts.

15. On May 3, 2024, Plaintiff sent Defendant a letter setting out the various deficiencies in Defendant's production of documents. On May 9, 2024, counsel for Plaintiff and Defendant engaged in a virtual "meet and confer." Defendant's counsel maintained that the requests for financial documents were overly burdensome and that Defendant did not have the documents in any event.

16. 

17.

18.

19.



29. 

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2024.

/s/ Arthur D. Middlemiss
Arthur D. Middlemiss