

June 6, 2024

**VIA ECF**
Hon. Philip M. Halpern
U.S. District Court of the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Application to seal granted. The declaration of Arthur D. Middlemiss and Exhibit C thereto shall be sealed.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>           June 7, 2024

                Re: *Soudani v. Soudani*, Case No. 23-cv-9905 (S.D.N.Y.) (PMH) (AEK)

Your Honor:

      Pursuant to Rule 5.B of Your Honor's Individual Rules in Civil Cases, Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff") respectfully moves for leave to file under seal certain refences to documents made in, and an exhibit attached to, the Declaration of Arthur D. Middlemiss dated June 6, 2024 in support of Plaintiff's Opposition to Defendant's Motion to Quash (the "Declaration").

      Defendant and Counterclaim-Plaintiff Mout'z Soudani ("Defendant") has claimed in communications with Plaintiff's counsel to have "designated" the relevant documents as "confidential." To respond to Defendant's Motion to Quash – which itself was made in contravention of the Court's rules – and establish the relevance of the information Defendant seeks to suppress, we must put the information Defendant seeks to "designate" before the Court. We disagree that Defendant's counsel may so-designate the documents, but due to their extreme sensitivity, and in an abundance of caution, we ask the Court for authority to redact the exhibit containing those documents, as well direct references to and descriptions of these documents in the Declaration.

1

**Lewis Baach Kaufmann Middlemiss PLLC**

Soudani v. Soudani
June 6, 2024
Page 2

As background: the Parties have submitted a Stipulated Confidentiality Agreement and Protective Order ("Protective Order") on April 3, 2024. (ECF No. 36). The Court has not endorsed the Protective Order, but the Parties have agreed to treat the Protective Order as if it were in effect.

The Defendant's instant motion to quash involves a subpoena issued to a bank. He argues in the motion that the subpoena is somehow burdensome (to the bank) and that it may contravene privilege. We address the substance of his motion in our response. The bank responded to the subpoena, and produced the documents we seek to seal reference to, prior to the date Defendant moved to quash the subpoena.

The bank's production, and in particular the documents about which we ask to seal reference, are obviously relevant to Plaintiff's case-in-chief, her defense of the counterclaims, and to Defendant's credibility. For the reasons described in the Declaration, the information is extremely sensitive.

We do not agree that Defendant, as a non-producing party, can properly "designate" documents produced by a third-party bank as confidential, and Defendant's motion to quash does not even raise the issue. We address the "designation" issue here not to argue its merit, or to seek a Court ruling, but rather to explain, in part, our request for sealing.

This request is narrowly tailored to cover only the relevant documents that are referenced in the Declaration. Although there is a presumption of public access to judicial documents, courts are authorized to "requir[e] that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs," upon a showing of good cause. Fed. R. Civ. P. 26(c)(1)(H). The Court may consider "countervailing factors" against the presumption of public

Soudani v. Soudani
June 6, 2024
Page 3

access and documents may be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted). Such countervailing factors include "the privacy interests of those resisting disclosure." *Id.* (internal quotation marks omitted).

Based on the foregoing, Plaintiff respectfully requests that (i) her Motion for Leave to File Under Seal be granted, (ii) the redacted version of the Declaration of Arthur Middlemiss dated June 6, 2024 and the accompanying exhibits electronically filed on June 6, 2024 be accepted as the public version of this filing, and (iii) the Court grant Plaintiff leave to file unredacted versions of the same under seal.

Respectfully submitted,

Arthur D. Middlemiss

CC: All parties of record (via ECF)