UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMAN SOUDANI,

                Plaintiff,

         -v-

MOUT'Z SOUDANI,

                Defendant.

**ORDER**

23-CV-09905 (PMH)

PHILIP M. HALPERN, United States District Judge:

Before the Court is the motion to quash, brought by Defendant Mout'z Soudani and non-parties Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a Elizabeth Soudani Irrevocable Living Trust, Mout'z Soudani Grantor Trust, Palmerone Soudani Land Developers Ltd., Eman-Mout'z Ltd., and Soudani Ltd., the subpoena *duces tecum* dated May 16, 2024 issued by Plaintiff Eman Soudani to Walden Savings Bank. (Doc. 40, "Def. Br."). Defendant and the moving non-parties filed the motion to quash on May 30, 2024. (*Id.*). Plaintiff filed an opposition to the motion to quash on June 6, 2024 (Doc. 47, "Pl. Br."; Doc. 49; Doc. 50), and the motion was fully submitted with the filing of Defendant's reply on June 14, 2024 (Doc. 64, "Reply").

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 45 permits a party to serve a subpoena on a non-party to produce documents. *See* Fed. R. Civ. P. 45(a)(1). A party whose personal rights are implicated by a subpoena may move to quash or modify the subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv); *see Dowling v. N.Y.-Presbyterian/Weill Cornell Med. Ctr.*, No. 19-CV-02114, 2020 WL 1243780, at *2 (S.D.N.Y.

Mar. 16, 2020) ("courts in this Circuit have repeatedly held that the personal rights of a party include privacy interests in documents such as personnel records").

On a motion to quash, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03-CV-01382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." *Gresch v. United Parcel Serv. of Amer.*, No. 21-CV-05383, 2022 WL 1125621, at *1 (S.D.N.Y. Apr. 14, 2022); *see Griffith v. U.S.*, No. M8-85, 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007). "The trial court has broad discretion to determine whether a subpoena imposes an undue burden." *Gresch*, 2022 WL 1125621, at *1.

## **ANALYSIS**

Defendant argues that the subpoena "must be quashed because it imposes an undue burden on Walden Savings Bank by way of twelve separate requests over 47 years for bank records and communications with the bank for the defendant and give non-party entities." (Def. Br. at 3). Plaintiff responds to the motion to quash by arguing that the financial records sought by the subpoena are relevant to Plaintiff's defenses to Defendant's counterclaims, and further that the motion is "mooted by the fact that the financial institution has produced responsive documents." (Pl. Br. at 6). Defendant concedes that Walden Savings Bank has already complied with subpoena. (Reply at 2-3). Plaintiff has demonstrated that the subpoena seeks financial records which are "relevant and material" to Defendant's counterclaims for conversion and unjust enrichment arising from Plaintiff allegedly aiding and abetting her son in his fraud and embezzlement of Defendant's money. *Night Hawk Ltd.*, 2003 WL 23018833, at *8.

The burden of proof therefore shifts to Defendant to demonstrate that the subpoena imposes an undue burden. *Gresch*, 2022 WL 1125621, at *1. Defendant's argument that the subpoena is unduly burdensome is moot given that Walden Savings Bank has already produced documents responsive to the subpoena. *See Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) ("Bojorquez's objections to the subpoena are not only untimely, they are effectively moot given the production it has already made notwithstanding its arguments of burdensomeness."); *Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19-CV-00275, 2022 WL 1085508, at *16 (E.D.N.Y. Jan. 10, 2022) ("Plaintiff states that Martin Mack and Apple Bank have both already complied with the subpoenas and produced responsive documents. Thus, VanVorst's motion to quash as to the Mack and Apple Bank subpoenas is denied as moot."); *City of Almaty, Kazakhstan v. Sater*, No. 19-CV-02645, 2020 WL 2765084, at *3 (S.D.N.Y. May 28, 2020) (holding motion to quash moot where subpoenaed party "has responded to the document subpoena"). Defendant has accordingly failed to meet his burden in establishing that the subpoena poses an undue burden or is otherwise privileged.

## CONCLUSION

For the foregoing reason, the motion to quash the subpoena *duces tecum* issued by Plaintiff Eman Soudani to Walden Savings Bank is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 40.

**SO ORDERED.**

Dated:   White Plains, New York
         June 27, 2024

PHILIP M. HALPERN
United States District Judge