

June 13, 2024

> Application to seal granted. The memorandum of law (Doc. 62) and declaration of Arthur Middlemiss (Doc. 63) shall be sealed.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             June 27, 2024

**<u>VIA ECF</u>**
Hon. Philip M. Halpern
U.S. District Court of the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

          **Re:** *Soudani v. Soudani*, **Case No. 23-cv-9905 (S.D.N.Y.) (PMH) (AEK)**

Your Honor:

      Pursuant to Rule 5.B of Your Honor's Individual Rules in Civil Cases, Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff") respectfully moves for leave to file under seal (i) Plaintiff's Memorandum of Law in Support of Motion for Clarification on Propriety of Confidentiality Designation under Protective Order (the "Motion") and (ii) the Declaration of Arthur D. Middlemiss dated June 13, 2024 in Support of the Motion and Exhibit A thereto.

      In this Motion, Plaintiff disputes the propriety of the designation of certain documents by Defendant as "Confidential" under the Stipulated Confidentiality Agreement and Protective Order ("Protective Order"). ECF No. 36.

      Plaintiff does not agree that such documents should be designated "Confidential" and brings the Motion to dispute that designation and seek the Court's authorization for a limited disclosure of the documents. Nevertheless, Defendant having put the Protective Order at issue, Plaintiff seeks clarification by the Court regarding its scope to guard against the risk of a potential violation.

Lewis Baach Kaufmann Middlemiss PLLC

Soudani v. Soudani
June 13, 2024
Page 2

This request is narrowly tailored to cover only the relevant documents whose confidentiality designations are at issue and the references to those documents in the Declaration and the Memorandum of Law.

Although there is a presumption of public access to judicial documents, courts are authorized to "require that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs," upon a showing of good cause. Fed. R. Civ. P. 26(c)(1)(H). The Court may consider "countervailing factors" against the presumption of public access and documents may be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Such countervailing factors include "the privacy interests of those resisting disclosure." *Id.*

Based on the foregoing, Plaintiff respectfully requests that (i) her Motion for Leave to File Under Seal be granted, (ii) the redacted versions of the Memorandum of Law in Support of Motion for Clarification on Propriety of Confidentiality Designation under Protective Order, Declaration of Arthur Middlemiss dated June 13, 2024, and the accompanying confidential exhibit electronically filed on June 13, 2024 be accepted as the public version of this filing, and (iii) the Court grant Plaintiff leave to file unredacted versions of the same under seal.

Respectfully submitted,

Arthur D. Middlemiss

CC: All parties of record (via ECF)