UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMAN SOUDANI,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>-against-<br><br>MOUT'Z SOUDANI,<br><br>Defendant and Counterclaim-Plaintiff. | Case No.: 23-cv-9905 (PMH) (AEK) |

**PLAINTIFF'S REDACTED MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT MOUT'Z SOUDANI'S MOTION TO QUASH**

LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC

Arthur D. Middlemiss
Arthur.Middlemiss@lbkmlaw.com
Marc Scholl
Marc.Scholl@lbkmlaw.com
10 Grand Central
155 East 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146

*Counsel for Plaintiff and Counterclaim-Defendant Eman Soudani*

Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff") submits this Memorandum of Law in opposition to Defendant and Counterclaim-Plaintiff Mout'z Soudani ("Defendant")'s Motion to Quash a subpoena issued to non-party Walden Savings Bank (the "Motion"). The limited records subpoenaed are related to a Walden Savings Bank account (the "Subject Account") maintained by an individual named Douglas Campbell ("Campbell"), one of Defendant's long-time business associates. The records sought include account opening documentation and transaction records for the period from January 1, 2022 to present. The information sought is relevant to the whereabouts of the cash Defendant alleges in his counterclaims that Plaintiff stole.

The instant Motion to Quash was made on Defendant's behalf. Defendant's counsel does not claim to represent either Walden Savings Bank or Campbell. He asserts that the subpoena is unduly burdensome to Walden Savings Bank, that the subpoena represents a "fishing expedition," and that it is designed to "harass" Campbell. He provides little if any reasoning to support these conclusory claims, or his standing to make them.[1]

In his counterclaim, Defendant alleges that Plaintiff stole approximately $570,000 in cash from safes maintained at his residence at the time in or about October 2022. ECF No. 17 ¶¶ 66-75. The Orange County District Attorney's Office originally charged Plaintiff criminally for stealing a smaller amount of cash from Defendant; those charges were subsequently dismissed.

Having raised the counterclaim, Defendant put at issue the *bona fides* of whether there was a theft, the credibility of his allegations of theft, and whether Defendant himself maintained or

---

[1] Plaintiff disagrees with Defendant's position that he can ignore the Court's rules regarding a pre-motion conference and meet-and-confer because of a purported impending "loss of a right" to quash the subpoena. ECF No. 67. No fewer than four times, Plaintiff's counsel invited Defendant's counsel to meet and confer in advance of the motion to quash. Defendant's counsel either ignored or declined the requests to meet and confer. Declaration of Arthur D. Middlemiss dated June 28, 2024 ("Middlemiss Decl.") ¶¶ 10-11. Unlike Plaintiff's emergency request for clarification of the Protective Order, where liberty interests are at stake, this is a routine discovery issue.

2

disposed of cash he alleges that Plaintiff stole in October 2022. The Walden Savings Bank records of the Subject Account are relevant to answer that question.

Plaintiff previously received Walden Savings Bank records related to accounts maintained by Defendant. After Plaintiff received these records, Defendant moved to quash the subpoena.[2] The previously subpoenaed records show that, during the period from on or about



Clearly, the establishment, funding and use of the Subject Account are relevant evidence, or it is reasonable to conclude that the information will lead to evidence relevant to Plaintiff's defenses to the counterclaims.

## FACTUAL BACKGROUND

### A. Background to the Matter

Plaintiff alleges over 45 years of horrific sexual abuse by Defendant, her brother. Amended

---

[2] Notably, the Court denied the motion today. ECF No. 68. By taking the position in this Motion that he would "lose the right" to move to quash if Plaintiff received the bank records, Defendant appears to concede that his prior motion to quash is meritless.

Complaint, ECF No. 31 ¶ 19. Plaintiff alleges (i) Battery (sexual abuse); (ii) Battery (physical abuse); (iii) Unjust Enrichment; and (iv) Intentional Infliction of Emotional Distress in connection with this abhorrent conduct. *Id*. ¶¶ 142-160.

Defendant counterclaimed that Plaintiff stole $570,000 in cash from safes in the New York house that Defendant claims to have solely owned (Amended Answer and Counterclaims, ECF No. 17 ¶¶ 76-78), and that Plaintiff had assisted her son in misappropriating $1.6 million that Defendant and her son (Defendant's nephew) had invested in cryptocurrency that Defendant claims was solely his money. *Id*. ¶¶ 79-81.

### B. Background on the Instant Subpoena

Records produced by Walden Savings Bank pursuant to a prior subpoena show that, ▮

On June 24, 2024, Plaintiff provided Defendant with a copy of a subpoena to Walden Savings Bank, which requested documents relating to the account ▮ ▮. Middlemiss Decl. ¶ 9. Plaintiff also caused that subpoena to be

served on Walden Savings Bank. *Id.*

On the same day, Defendant's counsel requested "name and contact information for point of contact at Walden Savings Bank that you are serving this subpoena on," and advised that Defendant "will be moving to quash the subpoena." *Id.* ¶ 10. The next day, June 25, 2024, Plaintiff's counsel invited him to meet and confer with respect to the motion to quash, in accordance with the Court's rules. *Id.*

On June 26, 2024, having ignored the request for a meet-and-confer, Defendant's counsel again asked for information related to service of the subpoena. *Id.* ¶ 11. Plaintiff's counsel repeated the request for a meet-and-confer. In a series of subsequent emails, Defendant's counsel made the same demand for information, and Plaintiff's counsel repeated three times the request for a meet-and-confer. In all, Plaintiff's counsel asked for a meet-and-confer four times. Defendant's counsel instead filed the instant motion absent a meet-and-confer. *Id.*

**ARGUMENT**

**A. Defendant Lacks Standing to Challenge the Subpoena**

Defendant's Motion should be denied because he lacks standing to challenge the subpoena. It is well established that "absent a claim of privilege, privacy, or proprietary interest in the documents sought, a party does not have standing to object to a subpoena directed at a non-party." *FCX Solar, LLC v. FTC Solar, Inc.*, Nos. 1:21-cv-03556 (RA) (VF) and 1:21-cv-08766 (RA) (VF), 2022 U.S.Dist.LEXIS 123223, at *4 (S.D.N.Y. July 12, 2022). Defendant does not assert any "privilege, privacy or propriety interest in the documents sought" beyond vaguely asserting that the subpoena "may require the disclosure of privileged or irrelevant material." ECF No. 67 at 3.

There is no legitimate privilege, privacy, or propriety interest that Defendant may claim over records maintained by a non-party financial institution relating to an account not belonging

to Defendant. The bank's records "are not respondent's 'private papers'" but are "the business records of the bank[]," in which a customer (much less another person) "can assert neither ownership nor possession." *United States v. Miller*, 425 U.S. 435, 440 (1976). "Generally, there is no legitimate expectation of privacy in the contents of checks, deposit slips or bank statements in a bank's possession." *Davis & Campbell, LCC v. United States*, No. 15-cv-6220(PAE), 2015 WL 9809744, at *2 (S.D.N.Y. Dec. 18, 2015) (*quoting Najjar v. U.S. Dep't of Treasury*, No. 102-cv-1807(JDT), 2003 WL 21254772, at *2 (S.D. Ind. Apr. 11, 2023)).

Defendant's only grounds for moving to quash the subpoena are that (i) it imposes an undue burden on Walden Savings Bank and (ii) it is an "attempt to harass a non-party witness." ECF No. 67 at 2-3. A party does not have standing to challenge a subpoena issued to a non-party on the grounds of relevancy or undue burden. *Pirnik v. Fiat Chrysler Auto., N.V.*, Nos. 18-cv-3460(JMF) and 15-cv-7199(JMF), 2018 WL 4054856, at *1 (S.D.N.Y. Aug. 24, 2018). And in any event, the instant subpoena is narrowly tailored to identify records relevant to answer the relevant question, put at issue by Defendant in his counterclaims: where is the cash? It cannot be said to be overly burdensome on the bank.

### B. The Limited Records Sought are Relevant and Necessary

The requested records are narrowly tailored in scope and are relevant and necessary to Plaintiff's claims and defenses to Defendant's counterclaims.



## **CONCLUSION**

For the foregoing reasons, Defendant's Motion should be denied in its entirety.

Dated:   New York, New York
         June 28, 2024

                                       Respectfully submitted,

                                       LEWIS BAACH KAUFMANN
                                       MIDDLEMISS PLLC
                                       By: /s/ Arthur D. Middlemiss
                                       Arthur D. Middlemiss
                                       Arthur.Middlemiss@lbkmlaw.com
                                       Marc Scholl
                                       Marc.Scholl@lbkmlaw.com
                                       10 Grand Central, 155 East 44th Street, 25th Fl.
                                       New York, NY 10017
                                       Telephone: (212) 826-7001
                                       Facsimile: (212) 826-7146
                                       *Counsel for Plaintiff and Counterclaim-*
                                       *Defendant Eman Soudani*