

**HODGES WALSH & BURKE, LLP**
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601

(914) 385-6000
FAX (914) 385-6060
www.hwb-lawfirm.com

Michael K. Burke, Esq.
Direct E-Mail: mburke@hwb-lawfirm.com

July 3 , 2024

Honorable Philip Halpern
United States District Judge
United States District Court
300 Quaroppas St.
White Plains, New York 10601

Re: *Soudani v. Soudani* 23 cv 9905 (PMH)

Dear Judge Halpern,

This letter is submitted in further support of Defendant Martin Soudani's motion to quash a non-party subpoena served on [redacted]

First, I want to respond to counsel's complaint to the Court that I did not meet and confer before filing the motion to quash. In an email exchange plaintiff's counsel I informed him that I intended to move to quash their subpoena for bank records for a non-party, I specifically asked plaintiff's counsel to provide the name of the contact his firm had been in touch with at Walden Savings Bank so that I could inform the responding party at the bank of the impending motion to quash and make certain that the bank did not serve responsive documents within the 14-day period under Rule 45, until the Court had the opportunity to rule on the motion to quash.

Despite this reasonable request, Plaintiff's counsel refused to provide the name and contact information at Walden Bank. Defendant's were left with no other option but to immediately seek emergency relief and move to quash otherwise Defendant could lose an important right to

challenge the propriety and scope of the non-party subpoena if the Bank provided Mr. Campbell's records within 14 days and the motion to quash be deemed moot as the Court found with the other motion to quash (Dkt. Entry 68) .



Thus, it is appropriate for the Court to grant Defendant's motion to quash the Subpoena, consider sanctions against plaintiff and award attorney's fees for this motion and provide such other and further relief as the Court deems just and proper.

Very truly yours,

*Michael K. Burke*

Michael K. Burke, Esq.
Hodges Walsh & Burke, LLP
55 Church St, Suite 211
White Plains, NY 10601
(914) 385-6000
Mburke@hwb-lawfirm.com
*Counsel for Defendant and Counterclaim-Plaintiff Mout'z Soudani*

1 Plaintiff's subpoena to Doug Campbell for Bank Records from Walden Savings Bank and TD Bank from January 1, 2019 not after plaintiff fled to Colorado in October 2022.

To: Arthur D. Middlemiss, Esq. by ECF
10 Grand Central
155 East 44th Street, 25th Floor
New York, NY 10017
(212) 826-7001
arthur.middlemiss@lbkmlaw.com
*Counsel for Plaintiff and Counterclaim-Defendant Eman Soudani*

# EXHIBIT A

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

Eman Soudani
*Plaintiff*
v.
Mout'z Soudani
*Defendant*

Civil Action No. 7:23-cv-09905

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Douglas Campbell

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Lewis Baach Kaufmann Middlemiss PLLC<br>10 Grand Central, 155 East 44th Street, 25th Floor<br>New York, New York 10017 | Date and Time:<br>06/28/2024 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: [redacted]

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/10/2024

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Arthur D. Middlemiss
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Eman Soudani, who issues or requests this subpoena, are:

Arthur D. Middlemiss; 10 Grand Central, 155 East 44th Street, 25th Fl., New York, New York 10017; arthur.middlemiss@lbkmlaw.com; 212-826-7001

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 7:23-cv-09905

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ____________
____________________________________________
____________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ____________________
____________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________________
*Server's signature*

____________________________
*Printed name and title*

____________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EMAN SOUDANI,

Plaintiff and Counterclaim-Defendant,

-against-

MOUT'Z SOUDANI,

Defendant and Counterclaim-Plaintiff.

Case No.: 23-cv-9905 (PMH) (AEK)

**NOTICE OF DEPOSITION DUCES TECUM OF DOUGLAS CAMPBELL**

TO: Michael K. Burke, Esq.
Hodges, Walsh & Burke, LLP
55 Church St., Suite 211
White Plains, New York 10601

*Counsel for Defendant and Counterclaim-Plaintiff Mout'z Soudani*

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Eman Soudani, by her undersigned attorneys, will take the deposition upon oral examination of Douglas Campbell before a person authorized to administer oaths, commencing at 10:00 AM on June 28, 2024, at the offices of Lewis Baach Kaufmann Middlemiss PLLC, 10 Grand Central, 155 East 44th Street, 25th Floor, New York, New York 10017. The deposition will be recorded by stenographic means.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure and the subpoena enclosed herewith, the deponent is to produce at the deposition the following documents:

- 

PLEASE TAKE FURTHER NOTICE that Plaintiff intends to serve the subpoena attached hereto as Exhibit A on Douglas Campbell.

Dated: New York, New York
June 11, 2024

Respectfully submitted,

*/s/ Arthur D. Middlemiss*
Arthur D. Middlemiss
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
10 Grand Central
155 East 44th Street, 25th Floor
New York, NY 10017
Telephone: (212) 826-7001
Facsimile: (212) 826-7146
Arthur.Middlemiss@lbkmlaw.com

*Counsel for Plaintiff and Counterclaim-Defendant Eman Soudani*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2024, I caused a copy of the foregoing Notice of Deposition *Duces Tecum* of Douglas Campbell to be served via email attachment and First-Class Mail upon the following:

Michael K. Burke, Esq.
Hodges, Walsh & Burke, LLP
55 Church St., Suite 211
White Plains, New York 10601

*Counsel for Defendant and Counterclaim-Plaintiff Mout'z Soudani*

/s/ Arthur D. Middlemiss
Arthur D. Middlemiss
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC

# EXHIBIT B



ES_0013406