


Application for leave to file Doc. 74 and Doc. 75 under seal is GRANTED.

**SO ORDERED.**

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
July 24, 2024

June 28, 2024

**VIA ECF**
Hon. Philip M. Halpern
U.S. District Court of the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re: *Soudani v. Soudani,* Case No. 23-cv-9905 (S.D.N.Y.) (PMH) (AEK)**

Your Honor:

Pursuant to Rule 5.B of Your Honor's Individual Rules in Civil Cases, Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff") respectfully moves for leave to file under seal (i) Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Quash Subpoena to Walden Savings Bank (the "MOL") and (ii) the Declaration of Arthur D. Middlemiss in Opposition to the Motion, dated June 28, 2024, and Exhibit A thereto.

In the MOL and Declaration, Plaintiff discusses certain documents from the production by Walden Savings Bank, the "Confidential" status of which is currently pending adjudication by Your Honor pursuant to Plaintiff's Motion for Clarification Regarding the Designation of Confidential Material Under the Stipulated Confidentiality Agreement and Protective Order (ECF Nos. 58-66).

As detailed in those motion papers, Plaintiff does not agree that such documents should be designated "Confidential," but until the Court rules on the issue, Plaintiff seeks to file the aforementioned documents under seal.

This request is narrowly tailored to cover only the relevant documents whose confidentiality designations are at issue and the references to those documents in the Declaration and the MOL.

Although there is a presumption of public access to judicial documents, courts are authorized to "require that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs," upon a showing of good cause. Fed. R. Civ. P. 26(c)(1)(H). The Court may consider "countervailing factors" against the presumption of public access and documents may be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted). Such countervailing factors include "the privacy interests of those resisting disclosure." *Id.*

Based on the foregoing, Plaintiff respectfully requests that (i) her Motion for Leave to File Under Seal be granted, (ii) the redacted versions of the Memorandum of Law in Opposition to the Motion to Quash Subpoena to Walden Savings Bank, Declaration of Arthur Middlemiss, dated June 28, 2024, and the accompanying confidential exhibit electronically filed on June 28, 2024 be accepted as the public version of this filing, and (iii) the Court grant Plaintiff leave to file unredacted versions of the same under seal.

Respectfully submitted,

Arthur D. Middlemiss

CC: All parties of record (via ECF)