

Arthur D. Middlemiss
212 822 0129
arthur.middlemiss@lbkmlaw.com

July 29, 2024

**VIA ECF**
Hon. Philip M. Halpern
U.S. District Court of the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: *Soudani v. Soudani*, Case No. 23-cv-9905 (S.D.N.Y.) (PMH) (AEK)

Your Honor:

Pursuant to Rule 5.B of Your Honor's Individual Rules in Civil Cases, Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff") respectfully moves for leave to file under seal Exhibit A to the Joint Letter Motion for a Pre-Motion Discovery Conference, dated July 29, 2024 ("Joint Letter Motion").

The Joint Letter Motion concerns the parties' dispute whether certain documents are properly designated by the Defendant as "Confidential" under the Stipulated Confidentiality Agreement and Protective Order (ECF No. 52). The Defendant, in stating his position on the issue in the Joint Letter Motion, has referred to certain of the documents at issue and has requested that they be filed under seal. The documents at issue are attached as Exhibit A to the Joint Letter Motion, and Plaintiff makes this letter motion to seal to accommodate Defendant's request.

While Plaintiff disagrees that the documents are properly designated as "Confidential," until the Court rules on the issue, Plaintiff seeks to file the aforementioned documents under seal.

This request is narrowly tailored to cover only the subset of relevant documents whose confidentiality designations are at issue and which are appended to the Joint Letter Motion.

Lewis Baach Kaufmann Middlemiss PLLC

Soudani v. Soudani
July 29, 2024
Page 2

Although there is a presumption of public access to judicial documents, courts are authorized to "require that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs," upon a showing of good cause. Fed. R. Civ. P. 26(c)(1)(H). The Court may consider "countervailing factors" against the presumption of public access and documents may be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted). Such countervailing factors include "the privacy interests of those resisting disclosure." *Id.*

Based on the foregoing, Plaintiff respectfully requests that (i) her Motion for Leave to File Under Seal be granted, (ii) the redacted version of Exhibit A to the Joint Letter Motion electronically filed on July 29, 2024 be accepted as the public version of this filing, and (iii) the Court grant Plaintiff leave to file unredacted versions of the same under seal.

Respectfully submitted,

Arthur D. Middlemiss

CC: All parties of record (via ECF)