

> Plaintiff's request for a discovery conference is denied. The Court, having reviewed the parties' joint letter and the text messages attached thereto as Exhibit A, denies Defendant's designation of text messages to/from Defendant to third parties as Confidential under the terms of the Stipulated Confidentiality Agreement and Protective Order. The Court denies Plaintiff's motion to seal the joint letter motion (Doc. 81).
>
> The Clerk of Court is respectfully directed to terminate the motions pending at Doc. 81, Doc. 82, and Doc. 83.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        July 30, 2024

July 29, 2024

**<u>VIA ECF</u>**
Hon. Philip M. Halpern
U.S. District Court of the Southern District
300 Quarropas Street
White Plains, NY 10601

       **Re:** ***Soudani v. Soudani*, Case**

Your Honor:

       Per Local Civil Rule 37.2 and this Court's Individual Rule 4(D), Plaintiff submits this joint letter-motion for a pre-motion discovery conference. The dispute involves the Protective Order (ECF No. 52) and Plaintiff's ability to share information designated by the Defendant as confidential with law enforcement and with her son and his counsel for, among other things, her son's anticipated New York Criminal Procedure Law 440.10 motion and the enforcement of her own constitutional rights. The parties have met and conferred regarding this issue by exchange of emails, as detailed below.

       Plaintiff requests a telephonic or virtual conference at the Court's earliest convenience.

**BACKGROUND**

       On July 24, 2024, Defendant produced in discovery text messages between the Defendant and the senior Orange County government official responsible for the prosecution of Plaintiff and her son in Orange County. In that prosecution, Defendant was the alleged victim. The texts refer, among other things, to Defendant's destruction of evidence and the government official's commitment to "protect" the Defendant. The texts are identified in the discovery as Bates Numbers

Lewis Baach Kaufmann Middlemiss PLLC

Soudani v. Soudani
July 29, 2024
Page 2

MS1594 to MS1683, MS1686 to MS1689, MS1692 to MS1702, MS1720, MS1723 to MS1728, MS1731, and MS1734 to MS1762.

On July 25, 2024, Plaintiff provided Defendant written notice of objection to the designation of these materials as confidential pursuant to section 12 of the Protective Order. Plaintiff argued that "none of the texts meet the criteria to support such a designation as set forth in section 2 of the protective order" and "[f]or the reasons stated in our appearance before Judge Halpern yesterday [July 24, 2024], the evidence should be disclosed to law enforcement authorities." Plaintiff further argued that "[w]e consider this notice time-sensitive, and seek your prompt agreement (per section 12 of the Order) that all text messages between the defendant and [the Orange County government official] are not covered by the Protective Order."

That same day, July 25, 2024, Defendant's counsel replied that "I do not agree that all text messages are not covered by the Protective Order."

**PLAINTIFF'S POSITION**

For the reasons stated at the July 24, 2024 court appearance, we respectfully request an informal conference with the Court, and for this Court to remove the referenced texts from the scope of the Protective Order. We further submit that the texts should have been disclosed to the defense in the criminal case, i.e., to Plaintiff here, a fact that further undermines Defendant's position that the communications are confidential and should be protected, and strengthens her argument that her rights, and those of her son, were violated. Plaintiff respectfully submits the Protective Order should be lifted as to these materials as they are urgently needed to provide to her son and his counsel so that her son can pursue relief, and so that Plaintiff can pursue relief against

Defendant and against state public officials, and otherwise to bring to the attention of law enforcement.

At the Court's request we will provide the referenced texts, or examples of the referenced texts, to the Court for its review under seal.

**DEFENDANT'S POSITION**

The Defendant does not agree that the text messages should not be covered by the Protective Order. In meet and confer email exchanges on July 26 and July 28, 2024 plaintiff has identified 4 texts of the 137 texts pages listed above that plaintiff claims are the purported evidence of government official's commitment to "protect" the defendant and purported evidence that the Defendant destroyed evidence. MS 1679 text exchange of knowing each other for 40 years and protecting and helping defendant (attached and redacted) and MS 1595- MS 1596 and MS 1756 are texts that plaintiff alleges establishes destruction of evidence (also attached and redacted). Unredacted copies of these four texts are submitted to the court as Exhibit A for in camera inspection. Additionally, the remaining 133 texts that are marked confidential pursuant to the confidential order can be submitted as well for in camera inspection. None of these 137 texts are material as to the plaintiff or her son's guilt or innocence and do not strengthen her or her son's arguments that that in some manner their rights were violated.

**********



Soudani v. Soudani
July 29, 2024
Page 4

We thank the Court for its consideration of this application.

        Sincerely,

        /s/ Arthur D. Middlemiss

        Arthur D. Middlemiss
        *Counsel for Plaintiff*

        /s/ Michael K. Burke

        Michael K. Burke
        *Counsel for Defendant*