

**Lewis Baach Kaufmann Middlemiss PLLC**

> Application for a discovery conference is granted. The Court shall hold an in-person discovery conference on October 16, 2024 at 9:30 a.m. in Courtroom 520 of the White Plains courthouse.
>
> **SO ORDERED.**
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>           September 5, 2024

August 30, 2024

**VIA ECF**
Hon. Philip M. Halpern
U.S. District Court of the Southern District
300 Quarropas Street
White Plains, NY 10601

Re: *Soudani v. Soudani*, Case No. 23-cv-9905(PMH)(AEK) (S.D.N.Y.)

Your Honor:

Enclosed is a joint letter motion requesting a pre-motion discovery conference pursuant to Rule 4.D of Your Honor's Individual Practices in Civil Cases and Local Rule 37.2 ("Joint Letter Motion").

Unfortunately, it is over five pages. However, as the Joint Letter Motion covers three distinct discovery issues in dispute we ask the Court to accept the additional length rather than filing three separate letters.

Respectfully submitted,

Marc Frazier Scholl



Arthur D. Middlemiss
212 822 0129
arthur.middlemiss@lbkmlaw.com

August 30, 2024

**VIA ECF**
Hon. Philip M. Halpern
U.S. District Court of the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    **Re:** *Soudani v. Soudani*, **Case No. 23-cv-9905(PMH)(AEK) (S.D.N.Y.)**

Your Honor:

    Pursuant to Rule 4.D of Your Honor's Individual Practices in Civil Cases and Local Rule 37.2, we submit this joint letter requesting a pre-motion discovery conference concerning Defendant's responses and production to Plaintiff's First Set of Interrogatories, Plaintiff's First Request for the Production of Documents, and Plaintiff's subpoenas to the Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a/ Elizabeth Soudani Irrevocable Living Trust ("2002 Trust") and the Mout'z F. Soudani Grantor Trust ("2017 Trust") ("Trust Subpoenas"), to which Defendant was ordered by the Court to respond in his capacity as Trustee (Minute Entry Mar. 27, 2024). The parties conferred by telephone on May 9 and June 4, 2024 to resolve the issues, and have exchanged numerous emails, but have reached an impasse.

**Plaintiff's Position**

    **1.**  **Revised interrogatory responses**

    Defendant responded to Plaintiff's First Set of Interrogatories on April 22, 2024. The responses were unverified and cross-referenced responses to interrogatories and document requests that either reflected an objection or plainly non-responsive information. Defendant agreed to provide revised, verified responses to Interrogatories specific to each Interrogatory and

10 Grand Central | 155 East 44th Street, 25th Floor | New York, NY 10017 | t 212 826 7001 | f 212 826 7146

NEW YORK  WASHINGTON  LONDON

lbkmlaw.com

responsive. Defendant represented that he would provide them by June 7, then June 14, and then July 23, but has failed to do so. He should be ordered to do so.

**2. Responses to Requests for Production**

**a) Tax returns and tax return information for Defendant and the Trusts, tax years 1977-2023 (Request No. 1)**

Defendant provided no responsive materials. He objected that the request was overbroad and irrelevant and that he possessed no responsive documents. The documents are directly responsive to Plaintiff's claims and defenses.

Defendant counterclaimed that Plaintiff and her son stole money from him during the period from 2017 to 2022. The money was allegedly stolen from an account maintained by a Trust, the beneficiary of which was Plaintiff's son. Plaintiff is entitled to trust-related tax information, at least for tax years 2017-2023, to investigate a defense, i.e., that her son owned the allegedly stolen money and that, if there was a thief, it was Defendant. What, if anything, Defendant declared on his taxes and tax forms for the Trusts about the "investment" is relevant to that defense. His taxes are also relevant to Plaintiff's claims regarding Defendant's economic subjugation of her throughout the charged period. For example, in the 1990s, Defendant used Plaintiff as a nominee to hold property, and has admitted that he did so for tax purposes.

**b) Financial documents for the Trusts, 1977-October 2022 (Request Nos. 10, 26, 27)**

Defendant objected to the requests as overbroad and irrelevant. He asserted that he had no responsive documents, but then produced certain limited records related to the Trusts. For the reasons stated above, the documents are relevant and material to Plaintiff's claims and defenses and should be produced. Defendant should be ordered to comply fully with the Requests.

**Lewis**
**Baach**
**Kaufmann**
**Middlemiss**
PLLC

Soudani v. Soudani
August 30, 2024
Page 3

**3. Response to the Trust Subpoenas**

Plaintiff issued third party subpoenas to the Trusts. The Court on March 27, 2024 entered a minute order directing Defendant to "respond to the non-party subpoenas at the same time as plaintiff's document demands." Defendant did not comply. On July 22, 2024, after Plaintiff's repeated attempts to raise the issue, Defendant represented in substance that "the trust subpoenas are covered by discovery responses."

The response is insufficient. The Trust Subpoenas include requests that are not covered in the Requests to Defendant, including but not limited to (i) a copy of each of the Trusts, (ii) records sufficient to identify all property to which the Trusts have or have had a legal or equitable interest ("Trust Property"), (iii) records of all distributions of Trust Property; (iv) records of all loans extended by and to the Trusts; (v) records of payments made by or on behalf of the Trust to the beneficiary and/or trustee; and (vi) records of any income earned by the Trust. The requested documents are relevant and material to Plaintiff's claims and defenses, including defenses to Defendant's counterclaims regarding conversion. The Trusts' financial activity known to Plaintiff suggests that Defendant utilized the Trust bank accounts to launder money that he accused Plaintiff of stealing, and that Plaintiff's son maintained a property interest in the money Defendant alleges was stolen.

\*\*\*

An award of sanctions under Fed. R. Civ. P. 37(a)(5)(A) in the amount of reasonable attorneys' fees incurred in connection with this pre-motion letter and subsequent conference and motion should be awarded to Plaintiff's counsel. *See*, *e.g.*, *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-cv-01095, 2016 WL 2865350, at \*11 (S.D.N.Y. May 11, 2016) ("Monetary sanctions are

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled.").

**Defendant's Position**

1. **Verified Interrogatory Responses**

In response to point number 1 regarding the defendant's interrogatory responses Defendant provided interrogatory responses to plaintiff's interrogatories. During a meet and confer in early June plaintiff's counsel requested that the interrogatory responses be amended and verified. The amended verified interrogatory responses will be provided to plaintiff on or before September 11, 2024.

2. **Responses to Requests for Production**

a. **Tax returns and tax return information for Defendant and the Trusts, tax years 1977-2023 (Request No. 1) and financial documents for the Trust from 1977 to October 2022 (Requests 10, 26 and 27)**

Plaintiff's demanded 46 years of personal tax returns and tax returns for the Trusts. Defendant objected that 46 years of tax returns and 45 years of financial records for the defendant and non-party Trusts is overbroad, improper and unduly burdensome and not relevant to claims and defenses.  Plaintiff's counsel has not amended their demand to narrow the scope for less than 46 years of tax returns or 45 years of financial records. All parties are familiar with Rule 26(b)(1) of the Federal Rules of Civil Procedure governs the scope of discovery in federal court cases. Under Rule 26(b)(1), a party is entitled to discover "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1).

"Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the

action.  Still, relevant information must be "reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources."  *Huggins v. Chestnut Holdings Inc.*, 2019 WL 2616252, at *2 (S.D.N.Y. June 25, 2019. Proportionality, which "focuses on the marginal utility of the discovery sought," goes hand-in-hand with relevance, such that "the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Vaigas*, 2016 WL 616386, at *14.

Plaintiff's demands for 45 years of financial records properly characterized this as a "fishing expedition" The mere speculation that documents might exist that might support an imagined scenario is insufficient to support an over-broad demand and is not authorized under Fed. R. of Civ. P 26. *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (denying financial-records request on ground that it was an improper fishing expedition, because plaintiff merely speculated that bank records would show deposits of large sums of money, which plaintiff believed were the results of wrongdoing); *In re Alliance Pharm. Sec. Litig.*, 1995 U.S. Dist. LEXIS 1428, *2 (S.D.N.Y. Feb. 9, 1995) (quashing subpoena where plaintiff offered only "speculation or conjecture" that documents might exist to support its theory of liability).

Plaintiff's belief that the records may contain or may demonstrate is insufficient to satisfy the relevance requirement under Rule 26. See, *Surles v. Air France,* 2001 WL 1142231 (S.D.N.Y.2001)(quoting *Spina v. Our Lady of Mercy Medical Center,* 2001 WL 630418, *2 (S.D.N.Y.2001)(The information sought does not become relevant merely because a party speculates that it might reveal useful material. Where a party fails to produce any specific fact whatsoever to support an allegation, a district court should in its discretion, refuse to permit discovery.)

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Other than conclusory and speculative statements that 45 years of financial of Defendant may yield relevant information, plaintiff has no basis to warrant the Court's ordering responses to these demands.

Further, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *See, Citizens Union of City of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); ("The party seeking discovery bears the initial burden of proving the discovery is relevant."); *Mandell v. The Maxon Co., Inc.*, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").

There is no relevant or discoverable information in the 46 years of tax returns or 45 years of financial records from the defendant and non-party Trusts that the plaintiff needs. The demand for the tax returns and financial records is nothing more than a fishing expedition.

Courts are generally reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax returns. *See Chen v. Republic Rest. Corp.* 2008 WL 793686 at *2 (S.D.N.Y. Mar. 26, 2008) (holding that "[a]lthough tax returns are not privileged documents, Court[s] are reluctant to order their discovery in part because of the 'private nature of the sensitive information contained therein, and in part from [sic] the public interest in encouraging the filing by taxpayers of complete and accurate returns'"). A party seeking to compel production of tax returns in civil cases must meet a two-part showing: "(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" *Carmody v. Village of Rockville Centre*, 2007 WL 2042807 at *2 (E.D.N.Y. July

13, 2007) (citing *United States v. Bonanno Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988)). Here, Plaintiff has failed to meet both prongs of the heightened threshold required for the Court to compel the production of 46 years of tax returns. All relevant discoverable information has been provided. There is no marginal utility for the information sought in the tax returns. As such, Defendant respectfully requests that plaintiff's motion to compel be denied.

3. **Response to Trust Subpoenas**

At the March 27, 2024 conference before your Honor the issues of the document demands 10, 26 and 27 and the Trust subpoenas were addressed with the Court demanding production of overlapping materials with the exception of the date range for the document demands being 46 years and one of the Trust subpoena requests being over 20 years. The court further referenced the statute of limitations for the plaintiff's four claims in the Amended complaint: one year statute of limitations for the first three claims (first two claims for battery and the third claim for intentional infliction of emotional distress) and six years for the unjust enrichment claims (pp. 3 and 12 of the March 27, 2024 conference, attached hereto as **Exhibit A**). On June 4, 2024 defendant have moved to dismiss plaintiff's claims as outside the statute of limitations and not otherwise revived by the Adult Survivor Act. (Docket 43) The parties are awaiting a decision by the Court regarding the statute of limitations. A determination as to the statute of limitations will likely help guide what is discoverable and the scope of the discovery relevant to plaintiff's claims.

It was further discussed at the March 27, 2024 conference that the defendant would be afforded and opportunity to provided responses to the document demand 10, 26 and 27 as it covers



Soudani v. Soudani
August 30, 2024
Page 8

substantially the same materials requested in the subpoena. The defendant provided those discovery responses and the records in his possession on or about April 22, 2024.

Moreover, as the Court is aware since the March 27, 2024 conference the plaintiff has subpoenaed the Trust and individuals bank records and have received the documents in response to the plaintiff's subpoena for those financial documents.

Lastly, based on the defendant's responses to plaintiff's fishing expedition seeking 45 years of documents there is absolutely no basis for sanctions.

Respectfully submitted,

_Michael K. Burke_

**Arthur D. Middlemiss**
**Counsel for Plaintiff**

**Michael K. Burke**
Counsel for Defendant