

> Defendant is directed to file a response to the Government's letter (Doc. 99) by October 11, 2024 at 5:00 p.m. The Government shall appear at the upcoming discovery conference scheduled for October 16, 2024 at 9:30 a.m. All parties are hereby notified that the conference will proceed in Courtroom 218 of the White Plains courthouse.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>       October 9, 2024

~~REQUEST TO BE FILED UNDER SEAL~~

**BY EMAIL**
The Honorable Andrew E. Krause
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re:      **Soudani v. Soudani**, 23 Civ. 9905 (PMH) (AEK)

Dear Judge Krause:

The Government respectfully submits this letter to request that the Court: (1) permit the Government to intervene in the above-referenced matter, *Soudani v. Soudani*, 23 Civ. 9905 (PMH) (AEK) (the "Civil Case"), for the limited purpose of seeking a stay of the action in light of the criminal case, *United States v. Mout'z Soudani*, a/k/a "Marty," a/k/a "Martin," a/k/a "Senior," 24 Cr. 555 (CS), pending before the Honorable Cathy Seibel (the "Criminal Case"); (2) grant an interim stay of expert and fact discovery until the Court resolves the Government's instant motion; and (3) stay all expert and fact discovery (including interrogatories, depositions, and requests to admit), with the exception of document discovery that does not relate to the statements of potential witnesses.

For the reasons that follow, and under the factors set forth in *Doe v. Indyke*, 20 Civ. 484 (JGK) (DF), 2020 WL 5518384, at *3 (S.D.N.Y. Sept. 14, 2020), the Government respectfully submits that a stay of the Civil Case will serve the public interest by preserving the integrity of the criminal prosecution against Mout'z Soudani ("Soudani"), and by conserving private, public, and judicial resources, and that those interests will outweigh any delay or disruption caused to the resolution of the Civil Case. The Government understands that, through their attorneys, the plaintiff consents to this motion and the defendant objects.

## BACKGROUND

On September 23, 2024, a federal grand jury in this District returned a sealed indictment (the "Indictment") charging Soudani in five counts with: (1) bribery conspiracy, in violation of 18 U.S.C. § 371; (2) bribery, in violation of 18 U.S.C. §§ 666(a)(2) and 2; (3) honest services wire fraud conspiracy, in violation of 18 U.S.C. § 1349; (4) honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2; and (5) interstate threats, in violation of 18 U.S.C. §§ 875 and 2.

(*United States v. Soudani*, 24 Cr. 555 (CS), Dkt. 1). On September 24, 2024, the Indictment was unsealed and Soudani was presented in federal court. The federal charges contained in the Indictment allege that after ▉▉▉▉▉▉▉ (referenced in the Indictment as "Individual-1"),[1] and ▉▉▉▉▉▉▉ (referenced in the Indictment as "Individual-2," and together with Individual-1, the "Individuals") left Soudani in New York and moved to Colorado in or about mid-October 2022 (Indictment ¶¶ 2, 14), Soudani alleged that the Individuals had stolen significant sums of cash and money from him (*id.* ¶ 14). As alleged in the Indictment, from in or about October 2022 through in or about May 2024, Soudani paid multiple bribe payments to a local prosecutor so that the prosecutor would investigate and charge the Individuals. The Indictment alleges that Individual-1 and counsel for Individual-1, ▉▉▉▉▉▉▉ (referenced in the Indictment as "Individual-1's Counsel"), disclosed that Individual-1 was a victim of years-long abuse committed by Soudani. (Indictment ¶¶ 28, 33). The Indictment also alleges various threats Soudani made to others, referenced in the Indictment as Soudani Threats-1 through -6, including the following threat Soudani made to Individual-1 on or about April 16, 2024:

> [S]wear to God I wanna fucking choke you with my own hands you deserve a fucking beating like you never had before . . . the more you fuck with me, the more I will destroy your son completely I fucking hate you. . . . Motherfucker, I swear to you I'm a going to get you and him one way, or another it's a promise.

(Indictment ¶¶ 38, 81 (typographical errors in the original)).

The parties are scheduled to appear before Judge Seibel in the Criminal Case on November 18, 2024, at which time the Government anticipates that a motions schedule may be calendared. Trial has not yet been scheduled in the Criminal Case, and the Government anticipates that, given the volume of discovery, a trial will likely be scheduled to take place in 2025. In advance of trial in the Criminal Case, the Government intends to produce Jencks Act and *Giglio* material to Soudani regarding witnesses who may be called to testify at trial.

On November 9, 2023, the plaintiff in the Civil Case filed a civil complaint in this District asserting that Soudani physically, emotionally, and sexually abused her for over 45 years. (Civil Case, Dkt. 1 ¶ 1 (the "Civil Complaint")). The Civil Complaint asserts that "Plaintiff . . . fled New York with her son and moved to Colorado to live near Soudani's son," and that Plaintiff left Soudani because of his years of abuse, "coupled with escalated threats of violence against her son

---

[1] The Government has not publicly disclosed the identities of Individual-1, Individual-2, Individual-1's Counsel, and other individuals and potential witnesses referenced in the Indictment. The Government respectfully requests that the identities of these individuals above be filed under seal given the nature of the charges contained in the Indictment, and in order to maintain witness confidentiality and reduce the risk of witness intimidation, witness tampering, and potential additional interstate threats.

by Soudani." (*Id.* ¶¶ 10-11). As discussed below, certain of the facts underlying the allegations contained in the Indictment overlap with those relevant to the Civil Case before the Court.

The Government understands that discovery in the Civil Case is pending, with non-expert depositions to be completed by October 18, 2024, fact discovery due by November 1, 2024, and expert discovery and depositions due by January 24, 2025. (Civil Case, Dkt. 98). The Government understands that expert discovery in this case includes expert evaluations of the parties.

## DISCUSSION

This Court has the inherent power to stay civil cases in the interests of justice pending the completion of criminal prosecution. *See Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts routinely grant applications to stay civil proceedings in order to protect a pending criminal case. *See, e.g.*, *Indyke*, 2020 WL 5518384, at 3; *Johnson v. New York City Police Dep't*, 01 Civ. 6570 (RCC) (JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003); *Okoli v. Cty. of Nassau*, 15 Civ. 0701 (JS) (SIL), 2015 WL 8207496, at *2-3 (E.D.N.Y. Dec. 7, 2015). Courts generally apply a six-factor test in determining whether to stay a civil action pending the resolution of a related criminal matter, considering: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation balanced against the prejudice to the plaintiffs if delayed; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Indyke*, 2020 WL 5518384, at *3; *see also Maldonado v. City of New York*, No. 17 Civ. 6618 (AJN), 2018 WL 2561026, at *1 (S.D.N.Y. June 4, 2018).

Here, each of the above factors weighs in favor of granting a stay.

First, the allegations contained in the pending Indictment overlap with issues presented in the Civil Case. In the Criminal Case, the relationship between Soudani and Individual-1 and the circumstances of the Individuals' departure from Soudani and New York are relevant to Soudani's motive to bribe a prosecutor to investigate and prosecute Individual-1 and her son, Individual-2, and engage in the bribery and fraud schemes as charged in Counts One, Three, Four, and Five of the Indictment. They are also relevant to, among other things, the interstate threats Soudani is charged with in Count Eight of the Indictment. The Government understands that it is likely that, should discovery in the Civil Case move forward, multiple witnesses or potential witnesses at trial in the Criminal Case would be subject to deposition or expert evaluation, or that testimonial material from them could be generated by interrogatories or requests to admit. Such depositions or evaluations could prejudice the criminal action, given that the questioning of parties who are likely to be Government trial witnesses could affect their recollections of events or give rise to arguments at the criminal trial that their testimony has been affected. Accordingly, there is a

3

significant risk that proceeding with discovery, including depositions of the plaintiff and defendant, would adversely affect the ongoing criminal prosecution of Soudani.

The overlap between the Civil Case and the Criminal Case weighs in favor of granting a stay. "'The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter.'" *Indyke*, 2020 WL 5518384, at *3 (quoting *Volmar Dist., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). Denying a stay in light of this factual overlap "may 'undermine a defendant's Fifth Amendment privilege against self-incrimination . . . expand the rights of criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, expose the basis of the defense to the prosecution in advance of trial, or otherwise prejudice the case." *Id.* (quoting *Volmar Dist., Inc.*, 152 F.R.D. at 39). This factor thus weighs in favor of a stay.

Second, the status of the criminal case also weighs in favor of a stay. "Whether the defendant has been indicted has been described as 'the most important factor' to be considered in the balance of factors." *Maldonado*, 2018 WL 2561026, at *2 (quoting *Karimona Investments, LLC v. Weinreb*, No. 02 Civ. 1792 (WHP) (THK), 2003 WL 941404, at *3 (S.D.N.Y. Mar. 7, 2003); *see also In re Par Pharmaceutical, Inc. Sec. Litig.*, 133 F.R.D. 12, 13-14 (S.D.N.Y. 1990) (noting that "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment" (collecting cases)). Accordingly, because Soudani has been indicted, this factor weighs heavily in favor of a stay.

Third, the interests of the plaintiff weigh in favor of a stay. Arthur Middlemiss, Esq., plaintiff's counsel, has indicated to the Government that plaintiff consents to the Government's motion. At a minimum, therefore, there can be no argument that there would be prejudice to the plaintiff by staying this action.

Fourth, the Government submits—notwithstanding Soudani's objection to this stay request—that the interests of the defendant also weigh in favor of a stay. "Should discovery in the civil action proceed, [Soudani] would be forced to decide whether to defend [him]self by making pretrial disclosures and giving deposition testimony (which could be used against [him] in the criminal case) or to invoke [his] Fifth Amendment privilege against self-incrimination (which would protect [him] in the criminal case, but which could well result in an adverse inference being drawn against [him] in the civil case)." *Indyke*, 2020 WL 5518384, at *4; *see id.* ("[I]f civil discovery were to proceed, [the defendant] would have to make the difficult decision of whether to assert her Fifth Amendment privilege – a decision that could adversely impact her position in one or the other of the cases she is defending."); *United States v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) (noting that invocations of the Fifth Amendment privilege can disrupt the orderly conduct of a civil case). That said, Soudani's counsel (who represents Soudani in both the Civil Case and the Criminal Case) has indicated that he opposes the Government's motion and believes there is not a proper basis for a stay, but has not provided further reasoning.

4

Fifth, the interests of the Court weigh in favor of a stay. Resolution of the Criminal Case may result in a more efficient resolution of the Civil Case. Given the factual overlap between the Civil Case and Criminal Case, allowing the criminal matter to be resolved in the first instance may result in a narrowing of the factual and legal issues before this Court. *See Volmar Dist., Inc.*, 152 F.R.D. at 40 ("To avoid duplication of effort and unnecessary litigation costs, this Court, in the exercise of its discretion, grants a complete stay as to all defendants until the criminal proceedings now pending … are resolved."). Accordingly, the interests of judicial economy are better served by the stay the Government seeks.

Sixth, consideration of the interests of third parties, including the public, weighs in favor of granting the stay. In particular, the Government is not aware of any third parties that would be harmed by a stay, and, to the contrary, the public interest in the enforcement of the criminal law will be served by a stay. *See generally In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant"); *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 685 (D.R.I. 1987) ("While a civil litigant with a private dispute has an interest in the prompt disposition of his or her claims, the public has a greater interest in the enforcement of the criminal law."). Multiple third-party witnesses possess information that is potentially relevant to both cases. Premature disclosure of the testimony of these witnesses could severely impair the criminal prosecution. Such witnesses may be forced to testify in the Civil Case about any efforts to assist the criminal investigation and prosecution, and may thereby expose facts about the investigation that would otherwise not be disclosed far in advance of a criminal trial and could potentially expose witnesses and/or their families to unwanted contact, publicity, and harassment. Moreover, permitting depositions to proceed in the Civil Case would enable Soudani to seek a preview of trial testimony and ask questions relating to the Criminal Case during civil depositions, thus affording Soudani with access to a broader array of discovery than he is entitled in the Criminal Case, such as witness deposition testimony. *See Johnson*, 2003 WL 21664882, at *2 ("[T]he civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case."). Moreover, in a case like this one, where Soudani is charged with interstate threats, the risk of witness intimidation and witness tampering is real.

Finally, the Government notes that any stay would be no longer than necessary to accommodate the interests of the criminal process. At this time, the Government seeks a stay to a limited category of discovery. That is, the Government seeks a full stay of all testimonial discovery (*i.e.*, depositions, depositions by written questions, interrogatories, requests to admit, and any other modes of discovery or exchange of information that generate new statements attributed to individuals, such as settlement questionnaires) and expert discovery. The Government does not

seek to stay document discovery so long as it does not relate to or generate statements by potential witnesses (excluding non-witness counsel).[2]

## <u>CONCLUSION</u>

For the foregoing reasons, the Government respectfully requests that the Court (1) permit the Government to intervene in the Civil Case for the limited purpose of seeking a stay of the Civil Case, in light of the criminal charges against Mout'z Soudani in *United States v. Soudani*, 24 Cr. 555 (CS); (2) grant an interim stay of fact and expert discovery while the Court resolves the Government's motion; and (3) stay all fact and expert discovery, with the exception of document discovery that does not relate to statements of potential witnesses.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s_____
    Jane Kim
    Catherine Ghosh
    Jared Hoffman
    Assistant United States Attorneys
    Southern District of New York

cc: Counsel of Record (by Email)

---

[2] The Government does not take a position as to whether it is preferable for document discovery unrelated to potential witness statements should proceed, proceed on an attorneys'-eyes-only basis, or be stayed.