

Arthur D. Middlemiss
212 822 0129
arthur.middlemiss@lbkmlaw.com

October 9, 2024

**VIA ECF**
Hon. Philip M. Halpern
U.S. District Court of the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: ***Soudani v. Soudani***, **Case No. 23-cv-9905 (S.D.N.Y.) (PMH) (AEK)**

Your Honor:

We represent Plaintiff and Counterclaim-Defendant Eman Soudani ("Plaintiff").

Plaintiff consents to the Government's application to 1) intervene in the above-captioned matter, 2) grant an interim stay of the action in light of the criminal case against Mout'z Soudani, the Defendant and Counterclaim Plaintiff (S.D.N.Y. Case No. 24-cr-555), and 3) stay all expert and fact discovery (including interrogatories, depositions, and requests to admit), with the exception of document discovery that does not relate to the statements of potential witnesses.

Plaintiff consents, in part, due to concern that Defendant would use the absence of a stay for strategic purposes rather than to advance the civil litigation. Currently, Plaintiff is scheduled to be deposed by Defendant on October 10, 2024, and Defendant to be deposed by Plaintiff on October 17, 2024. Once Plaintiff gives her deposition, Defendant could change his tune and either join in the Government's motion to avoid being deposed or invoke the Fifth Amendment privilege to avoid answering questions. Defendant has given no indication that he would waive the Fifth Amendment privilege. In that regard, Defendant has dodged even verifying his responses to interrogatories, despite repeated promises to do so.

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

*Soudani v. Soudani*
October 9, 2024
Page 2

Putting aside Defendant's counterclaims, where he alleges that Plaintiff and her son committed the same crimes he bribed the prosecutor to corruptly charge and direct overlap exists between the criminal and civil cases, there is substantial overlap between the sex abuse-based causes of action and the criminal case. Defendant bribed the prosecutor to bring criminal cases not only to punish and humiliate Plaintiff and her son for leaving him, but also to cover up his sexual abuse of Plaintiff (*see, e.g.,* Amended Complaint ¶ 112, ECF No. 31 ["Now, as for [Plaintiff], all she has to do is give me $150,000 cash, give me back the car, and give me Rascal [a dog]. I would then be done with both of them forever …The more she fights me and opens her big mouth, the more I will be punishing her son like you have never seen before … So far, all the bad mouthing from [Plaintiff] and [her son] has reached me. I know every word they said and trust me it doesn't mean shit. It is all hearsay"]). Defendant made the interstate threats charged by the Government as criminal acts with the clear intent to intimidate Plaintiff and to stop her from coming forward about the sexual abuse. Notably, the bribed prosecutor and other prosecutors at the Orange County District Attorney's Office ignored those same threats, even after they were brought to their attention. In sum, the civil and criminal cases are inextricably intertwined.

For these reasons, Plaintiff consents to the Government's application.

Sincerely,

Arthur D. Middlemiss

CC:  All parties of record (via ECF)