UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EMAN SOUDANI,

                Plaintiff,

v.                                          **ORDER**

MOUT'Z SOUDANI,                     23-CV-09905 (PMH)

                Defendant.
-------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On October 8, 2024, the Government filed a letter with the Court requesting to (1) intervene in this case for the limited purpose of seeking a stay, (2) obtain an interim stay of expert and fact discovery until the Court resolves the Government's motion to intervene; and (3) obtain a stay of testimonial fact and all expert discovery pending the resolution of Defendant's criminal case, *United States v. Mout'z Soudani*, 24-cr-555. (Docs. 99, 100). On October 9, 2024, Plaintiff filed a letter with the Court consenting to the Government's requests. (Doc. 102). Two days later, pursuant to this Court's order, Defendant filed a letter in which it opposed the Government's request for a stay pending the resolution of the parallel criminal case. (Doc. 104).

Counsel for all parties appeared in Courtroom 218 today. After giving the parties an opportunity to be heard, the Court construed the Government's letter-motion to intervene and stay discovery pending the resolution of the criminal matter as the motion itself, *see In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011); *Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022), and ruled as followed:

For the reasons indicated on the record and law cited therein, the Court GRANTS the Government's motion to intervene and GRANTS the Government's motion to stay discovery

pending the resolution of Defendant's criminal case. The Government's motion for an interim stay pending resolution of its motion to intervene is DENIED as moot.

As stated on the record, the Court's stay order encompasses all discovery, and the Court further orders that this action is stayed in its entirety and administratively closed,[1] without prejudice to re-opening within 60-days after the earlier of either a verdict or guilty plea in Defendant's criminal action, *United States v. Mout'z Soudani*, 24-cr-555.

For the reasons stated and as discussed on the record, Defendant's pending motion to dismiss (Doc. 42) is DENIED as moot without prejudice to re-filing should this matter be reopened.

The Government, Defendant, and Plaintiff shall provide the Court, through a joint letter, an update every sixty (60) days about the status of the criminal action. Counsel for Plaintiff and Defendant shall instruct their clients that they must preserve, and may not destroy, any and all evidence concerning, relevant and/or related to the above-captioned action.

The Clerk of the Court is respectfully directed to terminate the pending motions at Doc. 42, Doc. 99, and Doc. 100; and to close this case without prejudice to re-opening as set forth herein.

---

[1] *See Bernardino v. Barnes & Noble Booksellers, Inc.*, 763 F. App'x 101, 103 (2d Cir. 2019) (there is "no jurisdictional significance to [a] docket entry marking [a] case as 'closed,' which . . . was made for administrative or statistical convenience."); *Abreu v. Thomas*, No. 17-CV-01312, 2019 WL 11157245, at *1 (N.D.N.Y. July 19, 2019) ("Administrative closure is a docket management device which allows the removal of cases from the court's docket in appropriate situations . . . The effect of an administrative closure is the same as a stay" (internal citations and quotation marks omitted)).

SO-ORDERED:

Dated: White Plains, New York
October 16, 2024

_____
Philip M. Halpern
United States District Judge